## Jacob Ranoul *vs.* William Griffie.

A judgment was recovered before a single justice of election district No. 4 of Carroll county, and the defendant appealed, under the act of 1836, ch. 305, sec. 3, to the district court of the same district, and thereupon, at the suggestion of the plaintiff, the cause was removed, under the 21st sec. of the act of 1835, ch. 201, to district court No. 5 of the same county, where a judgment was obtained, whereon issued a *fi. fa.*, under which a horse was taken and sold by the sheriff to the appellant. No petition was filed in district court No. 4 by the party appealing. The parties appeared before district court No. 5 and tried the case, and no objection was made at the time of trial to the jurisdiction of that court. The appellee, who was the defendant in the judgment, instituted an action of replevin to recover the horse from the appellant, the purchaser from the sheriff. HELD:

That the filing of a petition in district court No. 4, was not indispensable to the jurisdiction of district court No. 5, and the latter court therefore having jurisdiction over the subject and the parties, its judgment cannot be collaterally inquired into.

Even if irregularities existed in the proceedings before the justices, yet if they had jurisdiction of the subject and of the parties, the purchaser took a good title, there being nothing wrong on the face of the writ of *fi. fa.*

The judgment of a court of competent jurisdiction when coming incidentally in question, or offered as evidence of title in any court, is conclusive upon the question decided, and cannot be impeached on the ground of informality in the proceedings, or error or mistake of the court in the matter which has been adjudicated.

The acts of 1835, ch. 201, and 1836, ch. 305, are in *pari materia,* and must be construed together, that is as if they constituted but one statute.

The failure to file a petition in district court No. 4, was not a circumstance sufficient to oust the jurisdiction of that court.

APPEAL from the Circuit Court for Carroll county.

This was an action of *replevin,* instituted by the appellee against the appellant, to recover a horse alleged to be the property of the plaintiff. The pleas were:—1st, *non cepit;* 2nd, property in defendant; and 3rd, property in a stranger.

*1st Exception.* The plaintiff proved that the horse in question was his property, and in his possession, on the 27th of May 1850, on which day the sheriff of said county sold him to the defendant, in virtue of a writ of *fi. fa.*, in favor of one Daniel Frazier, against the plaintiff, which writ recited the

recovery of a judgment by said Frazier, on the 25th of January 1850, against the plaintiff, before the justices of the 5th election district court of said county. This writ was in the usual form and regular upon its face. The plaintiff then proved, in reference to the judgment upon which said writ issued, that a judgment had been rendered against him at the suit of Frazier, by a single justice of the peace in election district No. 4 of said county; that from this judgment he had appealed to the district court of the same district, No. 4; that thereupon, at the instance of Frazier, the cause was removed to the district court of election district No. 5 of said county, where the judgment in question was rendered. It was admitted that no petition in appeal was filed by the plaintiff in the district court No. 4, when he took his appeal to it from the judgment of the single justice, and that no such petition was filed in the case before its removal to district court No. 5, or at any time during the progress of the case. It was further proved that both parties, by their counsel and agents, appeared in said cause before district court No. 5 and tried the case, and that no objections were made at the time of the trial that said district court No. 5 had no jurisdiction, by reason of there being no petition in appeal filed in district court No. 4. The plaintiff then asked the court to instruct the jury, that if they find from the evidence the above facts, then he is entitled to recover, because the pretended judgment upon which the *fi. fa.* issued was *coram non judice and void,* which instruction the court (NELSON, J.,) gave and the defendant excepted.

*2nd Exception.* In the course of the trial the plaintiff offered, as a witness to prove his case, one of the sureties in his replevin bond. The defendant objected to his competency on this ground, and the court sustained the objection. The plaintiff then proposed to have this bond cancelled and a new one, with different securities, substituted in its place, which proposition the court sustained, and cancelled the bond and ordered a new one to be substituted for it. To this opinion

and order the defendant excepted, and the verdict and judgment being against him, he appealed to this court.

The cause was argued before LE GRAND, C. J., MASON and TUCK, J.

*Jos. M. Palmer* for the appellant, contended:

1st. That the court below manifestly erred in instructing the jury that the plaintiff was entitled to recover, if no petition in appeal was filed in the said cause in the magistrate's court of the 4th election district, for at most the neglect to file such petition was only an irregularity of proceeding, and did not render the judgment of the magistrate's court of the 5th election district "*coram non judice and void.*" *Pierson vs. Trail,* 1 *Md. Rep.,* 142. If a *fi. fa.* is issued irregularly, it is not a nullity if the judgment was rendered by a court of competent jurisdiction. A sale made by the sheriff under a *fi. fa.* shall stand, although the judgment should be afterwards reversed, for the officer has lawful authority to sell. *Magruder vs. Peter,* 11 *Gill & Johns.,* 218. So the failure to recite the judgment accurately in the writ of *fi. fa.,* does not render the process void. *Miles vs. Knott,* 12 *Gill & Johns.,* 442. See also 8 *Gill & Johns.,* 349, *Marshall vs. Greenfield. Long on Sales,* 444. *Drury's Case,* 8 *Coke.*

2nd. If there was any irregularity in the proceedings before the magistrate's court of the 4th election district, by omitting to file a petition in appeal, all such irregularities were waived by the parties, in their proceedings by counsel before the magistrate's court of the 5th election district, that rendered the judgment in question. *Vanderheyden vs. Young,* 11 *Johns.,* 150.

3rd. It is not the petition in such cases that gives the magistrate's court jurisdiction, but it is the subject matter in controversy between the parties.

4th. The judgment of a court having jurisdiction of the subject matter in dispute, is conclusive until reversed or in some way set aside, and cannot be collaterally impeached in

any other court, except for fraud and collusion in its obtention. *Bowie vs. Jones*, 1 *Gill*, 214. *Raborg vs. Hammond*, 2 *H. & G.*, 50.

5th. A sale made by a sheriff under a regular writ of *fi. fa.*, will confer a good and valid title on a *bona fide* purchaser, if the execution be not absolutely void, although the execution may be voidable for some irregularity and set aside. 12 *Gill and Johns.*, 453, *Miles vs. Knott.* 3 *Bacon's Abr.*, 738, (*Bouvier's Edition.*) See also 3 *Gill and Johns.*, 384, 385, *Turner vs. Walker.* The appellant abandons the second exception.

*Wm. P. Maulsby* for the appellee.

The original judgment was rendered before a single justice of district No. 4, and an appeal was prayed to the district court of that district, but no petition in appeal was ever filed, and now the questions are:—1st, had district court No. 4 the right to entertain the appeal without a petition? and 2nd, had the district court No. 5 jurisdiction by the transmission of the papers?

Consent of parties or their failure to avail themselves of the want of jurisdiction, can never avail to render process valid that flows from a void judgment. The case here is one of a court of special limited jurisdiction, attempting to exercise a jurisdiction not given to it by the act creating the court.

The appellate jurisdiction of district courts is specially given by, and is the express creature of, the act of 1836, ch. 305, sec. 3. The appeal is confined to the district court of the district in which the case may be tried before the single justice. Now can there be an appeal to any other district, or the removal of an appeal to another district? We insist there cannot be. The 21st sec. of the act of 1835, ch. 201, cannot, by any fair interpretation, be extended to the act of 1836, ch. 305, sec. 3; the latter indeed is directly in the teeth of the former. District court No. 5 had therefore no jurisdiction and the process is void,—it was *void* and not *voidable*, because there was no tribunal competent to correct it.

A court may have jurisdiction over the subject matter, yet

8    v.3

if that jurisdiction is not properly invoked its acts are *void.* But the court must have jurisdiction both of the subject matter and of the person. 5 *Wendell,* 152. The jurisdiction may exist, but it must also properly attach.

The proceedings here were offered by the defendant to support his title, and he must show that they are regular. 10 *Gill and Johns.,* 175.

The cases in 1 *Gill,* 214; 2 *H. & G.,* 50; and 12 *G. & J.,* 453, do not conflict with this view of the case. The case of *Brodess vs. Thompson,* 2 *H. & G.,* 126, shows that it is competent collaterally to inquire, whether the orphans court had in fact jurisdiction over the subject matter over which it had assumed to act. The orphans courts are courts of limited special jurisdiction, and when they attempt to go beyond the powers expressly given them by the statute, their acts are *coram non judice* and void.

The acts of 1835, ch. 201, and 1836, ch. 305, are not in *pari materia,* and cannot be construed together. The former act creates the court and gives it jurisdiction in the cases mentioned in it, whereas the latter confers upon the court *appellate* jurisdiction. There could have been no *certiorari.* If there had been a motion to dismiss the appeal in district court No. 5, and such motion had been overruled, this would have been the subject of an appeal.

Again, if district court No. 5 had power to try the cause, a petition in appeal was indispensable to give it jurisdiction, the act of 1836 providing, that "such appeals shall be taken in like manner and subject to the like provisions with cases of appeals to the county courts," and the act of 1791, ch. 68, sec. 4, gives jurisdiction to the county courts only on the *petition* of the party conceiving himself to be aggrieved.

*Palmer* in reply.

The whole question is, whether this *fi. fa.* is regular upon its face, and issues from a court of competent jurisdiction? If it does it is sufficient.

The acts of 1835 and 1836 are part of the same system—they are in *pari materia* and must be construed together. The 3rd sec. of the act of 1835, gives an appeal in "all cases whatsoever" to the district court—the language is broad.

The single justice had jurisdiction, and district court No. 4 had jurisdiction—the question then is, could it be removed to district No. 5? This is a question of construction. By the act of 1791, ch. 68, sec. 4, the sum was within the justice's jurisdiction, and hence district court No. 4 had jurisdiction over the *subject matter.* The petition is not material, and may be waived by the party's coming in and submitting to the jurisdiction.

Again, this judgment cannot be attached collaterally, and mere irregularity does not vitiate the sale made under the *fi. fa.* The case in 2 *H. & G.,* 50, is, in principle, parallel in every particular with this. See also 6 *H. & J.,* 204, *Barney vs. Patterson.* 4 *Gill,* 117, *Hunter vs. Hatton.* 1 *Gill,* 208, *Bowie vs. Jones.* A ministerial officer is protected in execution of process, even though the court had no jurisdiction. 5 *Wendell,* 152.

LE GRAND, C. J., delivered the opinion of this court.

This was an action of replevin, instituted by the appellee, to recover a horse which the appellant had purchased at a sheriff's sale, under a *fieri facias,* issued on a judgment obtained by one Frazier against the appellee.

The facts of the case are substantially these: Frazier sued the appellee before a single justice of the peace in election district No. 4, of Carroll county, and obtained a judgment. The appellee appealed to the *district court* of the same district, whereupon, at the instance of Frazier, the case was removed to district court, No. 5, and a judgment obtained, on which issued the *fieri facias* under which the horse was sold to the appellant. When the case was appealed to district No. 4, no petition was filed by the appellant. There was no objection, so far as we are informed by the record, taken at the time of the trial to the jurisdiction of the court.

Under this state of case the appellee, in substance, asked the circuit court at the trial of this action, to instruct the jury if they should find the facts we have given, that then the judgment of district court No. 5, was void, and the plaintiff, the present appellee, entitled to recover. In thus ruling we think the circuit court erred.

Were it conceded, that irregularities existed in the proceedings before the justices, yet, if they had jurisdiction of the subject and of the parties, the purchaser took a good title, there being nothing wrong on the face of the writ of *fieri facias*.

The principle is well settled, that the judgment of a court of competent jurisdiction, when coming incidentally in question, or offered as evidence of title in any court, is conclusive upon the question decided, and cannot be impeached on the ground of informality in the proceedings, or error or mistake of the court, in the matter which has been adjudicated. *Raborg's Adm'x, vs. Hammond's Adm'r*, 2 *Harr. and Gill*, 42. *Barney vs. Patterson*, 6 *H. & J.*, 182. *Fishwick vs. Sewell*, 4 *H. & J.*, 394.

This being so the question presented is, had district court No. 5, jurisdiction of the matter and the parties?

The acts which control this inquiry are, 1835, ch. 201, and 1836, ch. 305. These acts being in *pari materia* must be construed together, that is, as if they constituted but one statute.

By the third section of the act of 1836, it is provided, that in all cases to be tried before a single justice of the peace, either party shall be allowed an appeal to the county court, or *district court* of the district in which any such cases may be tried, where they shall be tried *de novo*, &c. Under this section the case was appealed to district No. 4, and under the 21st section of the act of 1835, the case was removed into district court No. 5, where the judgment was rendered. The failure to file a petition in district No. 4, we do not consider a circumstance sufficient to oust the jurisdiction of that court. The parties appeared before district court No. 5, and tried the

case. Besides this, the 19th section of the act of 1835, expressly provides, there shall be no special pleading in the district courts; and the 20th section of the same act, provides, that in all cases, suits, complaints or prosecutions, instituted or *brought* before the district courts, either party shall be entitled to appear, and prosecute and defend the same, by agent or attorney. In the case now under consideration, the party complaining availed himself of this privilege, and we see nothing in the requirements of the legislation on the subject which made, under the circumstances of this case, the filing of a petition in district court No. 4, indispensable to the jurisdiction of district court No. 5; and this being so, that court had authority to render the judgment which it did, and for the reason we have given it cannot be collaterally inquired into, as is proposed to be done in this case.

We deem it unnecessary to say anything in regard to the point presented by the second exception, it having been abandoned by the appellant.

*Judgment reversed and procedendo awarded.*