LUCIUS S. STORRS ET AL., RECEIVERS, *v.* GEORGE P. MECH ET AL.

[No. 96, October Term, 1933.]

*Decided January 17th, 1934.*

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Wallis Giffen,* with whom were *Charles A. Trageser* and *Philip S. Ball* on the brief, for the appellants.

*William L. Marbury, Jr.,* with whom were *Fendall Marbury, L. Wethered Barroll,* and *Marbury, Gosnell & Williams,* on the brief, for the appellees.

DIGGES, J., delivered the opinion of the Court.

There is a single question presented by this appeal, which is raised by the action of the lower court in sustaining a demurrer to the plaintiff's declaration. The appeal is from that action. The facts, as set out in the declaration, and which are admitted by the demurrer, are that on or about February 29th, 1932, William P. Frazier was an employee of the United Railways & Electric Company of Baltimore, engaged in doing track work for his employer in Baltimore City, at which time an automobile owned by the appellee, the Metal Package Company, a corporation, and driven by George P. Mech, who was the agent of the Metal Package Company, engaged in the business of his master, was, through the carelessness and negligence of the said Mech, caused to run into the said Frazier, and that, as a direct result of the injuries caused by such negligence, Frazier shortly thereafter died; that Susie V. Frazier, sister of the deceased William P. Frazier, filed claim under the provisions of article 101 of the Code, the "Workmen's Compensation Law," and received an award against the United Railways & Electric Company for compensation amounting to $3,000, and for $125, being the amount of funeral expenses incurred by reason of the death of said William P. Frazier. Subsequently the employer brought suit against the tort-feasor to recover damages for the wrong inflicted upon the deceased, for which compensation had been paid by the employer. This compensation had been awarded and paid to Susie V. Frazier, a sister of the deceased employee; and the successful contention of the

defendant below was that the employer could not recover in this suit because the person to whom the compensation had been paid could not recover at common law or under the Maryland statute, generally spoken of as Maryland's Lord Campbell's Act.

This act is codified as article 67, under the title, "Negligence Causing Death." By the first section thereof it is provided: "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages in respect thereof, the person who would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony." Section 2 provides: "Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused and shall be brought by and in the name of the State of Maryland for the use of the person entitled to damages." Section 1 describes the circumstances under which a right of action accrues, and section 2 makes provision for and limits the persons for whose benefit such action shall be brought.

There is no argument needed, other than a reading of the plain language employed, to demonstrate that under the provisions of these two sections Susie V. Frazier, a sister of the deceased, is not entitled to the benefits of section 1, because, being a sister, she is neither "wife, husband, parent and child" of the person whose death was caused; and if article 67 were the only statute involved, or to be considered, in the determination of the question, there could be only one answer, and that an affirmance. The case, however, is not so simple as that, because the provisions of the Workmen's Compensation Law, codified as article 101, deal also with persons who can recover for the wrongful act of another resulting in death, under certain conditions set forth in the provi-

sions of that article, section 58 of which provides: "Where injury or death for which compensation is payable under this Article, was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee, or in the case of death, his personal representatives or dependents as hereinbefore defined, may proceed either by law against that other person to recover damages or against the employer for compensation under this Article, or in case of joint tort-feasors against both; and if compensation is claimed and awarded or paid under this Article, any employer, if he is self-insured, insurance company, association or the State Accident Fund, may enforce for their benefit, as the case may be, the liability of such other person; provided, however, if damages are recovered in excess of the compensation already paid or awarded to be paid under this Article, and also any payments made for medical or surgical services, funeral expenses or for any of the other purposes enumerated in Section 37 of this Article, then any such excess shall be paid to the injured employee, or in case of death to his dependents less the expenses and costs of action incurred by the employer, insurance company, association or State Accident Fund as the case may be."

William P. Frazier was an employee of the United Railways. He suffered an injury occasioned by the appellees, which resulted in death. His sister, Susie V. Frazier, was his sole dependent, and bore such relationship to the deceased as constituted her a dependent according to the provisions of section 36 of article 101, which are: "The following persons shall be presumed to be wholly dependent for support upon a deceased employee: A wife or invalid husband ('invalid' meaning one physically or mentally incapacitated from earning), a child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) living with or dependent upon the parent at the time of the injury or death. In all other cases, questions of dependency, in whole or in part, shall be determined in

accordance with the facts in each particular case existing at the time of the injury resulting in death of such employee, but no person shall be considered as dependent unless such person be a father, mother, grandfather, grandmother, step-child or grandchild, or brother or sister of the deceased employee, including those otherwise specified in this section."

Under these provisions it is abundantly evident that a sister is not such a person as is presumed to be dependent, but she is obligated to prove the fact of dependency. When this is successfully done, she is as certainly a dependent as a husband, wife or child of the deceased employee. In the case of *Clough & Molloy v. Shilling,* 149 Md. 189, at page 195, 131 A. 343, 345, this court said: "It will be seen that where injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect therefor, the section gives to the parties specifically designated therein, under the conditions therein set forth, a right of action against a third party, the tort-feasor. The clear meaning of the language, 'under circumstances creating a legal liability in some person other than the employer,' is that the circumstances under which the injury was received created a liability resting upon the tort-feasor outside of the provisions of section 58, which means that if the injury did not result in death the injured party would have had a right of action at common law against the wrongdoer for such injuries, or, in case injury resulted in death, that the dependents would have had a right of action by reason of the liability then existing under Lord Campbell's Act. In other words, section 58 of article 101 does not create any new liability, but simply designates in what manner the liability theretofore existing, under the common law and Lord Campbell's Act, should be enforced, and changes the parties who might be benefited by such enforcement. Section 58 provides, in cases where there was an existing liability on the part of a third person, other than the employer, that in case of death the dependents, as defined in article 101, may pro-

ceed either by law against the tort-feasor or against the employer for compensation under the act, and that if they elect to proceed under the act, and compensation is awarded against an employer, where he is self-insured, or against the insurer, the employer in such case, or the insurer, may bring an action to enforce for their benefit the liability of the tort-feasor."

The question in the present case, therefore, is: Do the provisions of article 101, "Workmen's Compensation," enlarge or add to the persons who, under Lord Campbell's Act, could sue a tort-feasor for injuries resulting in death? There is nothing in conflict between the provisions of article 67, "Lord Campbell's Act," and article 101, "Workmen's Compensation." They both unquestionably deal with recovery for injuries resulting in death. The two statutes are *in pari materia* and must be construed together. *Chesapeake & O. Canal Co. v. Balto. & O. R. Co.,* 4 Gill & J. 1, at page 128; *Ranoul v. Griffie,* 3 Md. 54, at page 60; *Bolgiano v. Cooke,* 19 Md. 375, at page 393; *Gregg v. Public Serv. Commn.,* 121 Md. 1, at page 30, 87 A. 1111; *City of Hagerstown v. Littleton,* 143 Md. 591, at page 599, 123 A. 140.

As we understand the contention of the appellee, it is that the words used in section 58, "where injury or death * * * was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof," mean that there must have been existing, prior to or outside of the Workmen's Compensation Law, either a common law or statutory liability to a sister of the deceased injured party, and because there was no such liability at common law, and because those entitled to the benefit of the liability created by Lord Campbell's Act, article 67 of the Code, do not include a sister, there is no legal liability in some person other than the employer to pay damages in respect thereof. It is unquestionably true that in *Clough & Molloy v. Shilling, supra,* this court determined that it must be shown that the circumstances under which the injury was received created a liability resting upon the

tort-feasor outside of the provisions of section 58 of article 101. The court there went on to explain: "Which means that if the injury did not result in death the injured party would have had a right of action at common law against the wrongdoer for such injuries, or, in case injury resulted in death, that the dependents would have had a right of action by reason of the liability then existing under Lord Campbell's Act." We held that section 58 of article 101 did not create any new liability, but designated in what manner the liability, theretofore existing, should be enforced, and changed the parties who might be benefited by such enforcement. The designation of certain persons for whose benefit the right of action created by Lord Campbell's Act might be enforced, was not a circumstance which created the legal liability; it was the designation of those persons who might benefit by the enforcement thereof. The circumstances which created the liability under Lord Campbell's Act are contained in the first section of that act, and they are, that if death ensues from an injury under circumstances which would permit the injured party to have sued the tort-feasor, had he lived, then certain designated persons could recover for the injury causing the death. It seems to us that there can be no possible room for argument or dispute that the Legislature had the power to enlarge the class or increase the number of persons who would be entitled to sue a tort-feasor under the circumstances specified in section 1 of Lord Campbell's Act, and that, if the Legislature had passed an act amending section 2 so as to include a sister, grandchild, or brother, all of the parties so designated in the amended section 2 could take advantage of the liability of a tort-feasor created by section 1. Therefore, holding that it was within the power of the Legislature, the question is: Has the Legislature so acted when it enacted the Workmen's Compensation Law and the amendments thereto? First, by section 36, it provided specifically who might be determined dependents within the meaning of the act. Persons standing in a certain relationship, the act declares, are presumed to be dependent.

As to other persons, the fact of dependency must be proved; and there is a limitation which provides that no person shall be considered as dependent unless he answer to the descriptions contained in that section, namely, father, mother, grandfather, grandmother, stepchild, or grandchild, brother or sister of the deceased employee, including those otherwise specified in this section.

There can be no question, then, that Susie V. Frazier could be, and has been found to be, a dependent of her deceased brother. Under such conditions she could, by virtue of the clear and definite language of section 58, proceed either by law against the other person (tort-feasor) to recover damages, or against the employer for compensation. Such language does not create any new liability to that existing under the common law, or Lord Campbell's Act, but simply includes the dependents of a deceased person, as those dependents are defined and determined under the provisions of the Workmen's Compensation Act, with those persons named in section 2 of article 67 who could enforce the liability against the wrongdoer under circumstances set out in section 1 of that article. We find nothing in the language of the court in *Clough & Molloy v. Shilling, supra,* in conflict with this conclusion, but rather we think the language in that case indicates the view of the court on this question, and is authority for the position here taken, when the court said: "In other words, section 58 of article 101 does not create any new liability, but simply designates in what manner the liability theretofore existing, under the common law and Lord Campbell's Act, should be enforced, and changes the parties who might be benefited by such enforcement." If, as we hold, the sister, Susie V. Frazier, could elect either to sue the wrongdoer or accept compensation, then there can be no doubt that under the clear provisions of section 58, when she does accept compensation, the employer, where self-insured, the insurance company, or the State Accident Fund, may enforce for their benefit, as the case may be, the liability of such other person, the tort-feasor. This section

goes on to provide that recovery for the benefit of the person paying or liable to pay compensation is limited to the amount of compensation paid or awarded to be paid, and any excess, after paying the costs of the proceeding, shall be paid to the dependents of the deceased employee. In other words, our view may be summed up by saying that we think no new liability is created by article 101, Workmen's Compensation Law, but that that article does enlarge the persons who may take the benefit of the liability already existing and created by section 1 of article 67. This construction, it seems to us, is compelled by the language of the statutes involved, and is in strict accord with the equity of such a situation. It is not contended, and we assume cannot be contended, that if the dependent in the case at bar had been the wife of the deceased, rather than his sister, this suit could not be maintained. The act of the wrongdoer is as certainly responsible for the self-insurer in this case to pay damages for the death of the deceased brother, to the sister, as it would have been in case the dependent had been a mother; and we can see no equitable reason why the self-insurer should not have the right to compel the tort-feasor to reimburse him in one case as in the other, unless the statute is not fairly susceptible of such construction. Our opinion is that it not only admits of such construction, but its terms, when properly considered and construed, compel that construction.

*Judgment reversed, and new trial awarded, with costs to the appellant.*

---

Offutt, J., filed a dissenting opinion as follows:

William P. Frazier, an employee of the United Railways & Electric Company, died as the result of injuries arising out of and in the course of his employment, under circumstances said to have created a legal liability in the appellee in this case in respect to such death. Compensation was awarded under the Workmen's Compensation Law to his sister and

only dependent, which the employer paid as a self insurer. Thereupon the employer brought an action under Code, art. 101, sec. 58, against the appellees, for its own benefit and that of the dependent, on the theory that a cause of action accrued to it or to the dependent sister to recover compensation for loss resulting to it and to her from the death of her brother, which appellants say was caused by the negligence of the appellee. That theory, which assumes that article 67 of the Code was amended by Code, art. 101, sec. 58, has been approved and adopted in the majority opinion of this court, a conclusion in which for the following reasons I am not able to concur:

The basis for the conclusion that the appellants are entitled to recover in this case apparently is that article 67 and article 101, section 58, Code, are *in pari materia,* and must be read as parts of a single statute, and that, when so read, article 101, section 58, Code, adds to the classes of persons entitled to invoke article 67 an additional class either in substitution for or in addition to those named in article 67, which class is not limited by relationship or consanguinity or necessarily by dependency, but is broad enough to include every person who might have taken as a distributee of the estate of a person whose death was caused by a wrongful act under circumstances which would have entitled the injured person to have maintained an action in respect thereof. The class of persons affected by article 67, Code, is limited to a husband, wife, parent, or child of the deceased, and the right of such person to recover under it is not confined to cases of actual dependency, but extends also to cases where the equitable plaintiff has suffered a pecuniary loss as the result of the death of the person in respect to which compensation is sought. Section 58, article 101, Code, provides that where death occurs under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, his "personal representatives or dependents as hereinbefore defined" may proceed against such other person to recover damages. In *Clough & Molloy v. Shilling,* 149 Md. 189, 131 A. 343, it was held that the statute last quoted

created no new liability, but gave to the dependents of the deceased employee a right of action by "reason of the liability then existing under Lord Campbell's Act." It was further stated that it "simply designates in what manner the liability theretofore existing, under the common law and Lord Campbell's Act, should be enforced, and changes the parties who might be benefited by such enforcement." But if article 101, section 58, is to have the meaning given it in this case, it does far more than that. Article 67 created a cause of action which had not theretofore existed at all. That cause of action was grounded, not in any damage an injured person may have suffered, but in the loss resulting to a defined class of persons from his death. Until Lord Campbell's Act there was no such thing as valuing human life in dollars and cents, and the principle embodied in the maxim *actio personalis moritur cum persona* related to the abatement of a cause of action which had once existed, not to the creation of a new cause of action. *Dronenburg v. Harris,* 108 Md. 608, 71 A. 81; *Stewart v. United Electric Light & Power Co.,* 104 Md. 332, 65 A. 49; 17 *C. J.* 1184 *et seq.;* 6 *R. C. L.* 724; *Mich. Central R. Co. v. Vreeland,* 227 U. S. 59, 33 S. Ct. 192, 57 L. Ed. 417.

So that when article 101, section 58, provides that where "injury or death" is caused under circumstances creating a legal liability in some person to pay damages in respect thereof, the "personal representatives or dependents" may proceed at law against such person to recover damages, it would seem to refer to a liability then existing at common law or under some statute. There was, of course, no such liability at common law, and the only statute under which it could have arisen would have been article 67, Code. Beneficiaries under article 101 include "posthumous children and adopted children, whether members of the deceased employee's household at the time of his accident or death or not, and shall also include step-children, illegitimate children and other children, if such step-children, illegitimate children and other children were members of the household of the decedent at the time of the accident or death and had received

contributions toward their support from such deceased employee during any part of the six months immediately preceding the accident or death; * * * husband, wife, child, children or dependents of an employee in whom shall vest a right to receive payment under this article." Section 65. But the only beneficiaries under article 67 are a husband, wife, parent, or child. So that if article 101, section 58, is held to be taken as *in pari materia* with article 67 and as enlarging the class of persons to be benefited by that act, it would seem to follow either (1) that the class of persons to be benefited by article 67 is broadened to include not only all persons who suffered any pecuniary loss as a result of the death of any person under the circumstances named therein, whether they were related to him or not, but also representatives of his estate, or (2) to create for the benefit of persons benefited by the Workmen's Compensation Act, as the term "beneficiary" is therein defined, a cause of action denied to others.

So radical a departure from the law recognized in this state for over eighty years, and one which is likely to introduce into the administration of the law so much confusion, ought not, it seems to me, to be sanctioned unless expressly directed by the Legislature, or compelled by the inevitable and unavoidable implication of its language. But I find no such intention.

The Constitution of the State, article 3, section 29, provides that every law shall embrace but one subject and that shall be described in its title. But it would place a very severe strain upon that language to assume that a title which referred to workmen's compensation and described the act as making certain changes "in the manner of administering and the extent of the application of Workmen's Compensation" also repealed and re-enacted article 67, entitled "Negligence Causing Death." If the Legislature had intended making the extensive changes in article 67 indicated in the majority opinion, it might be assumed that some indication of that intention would have been given in the title of the act. Since it did not do that, it should rather be inferred that it was not

its intention that chapter 303 of the Acts of 1922 was to affect article 67 at all, but it only intended to give to persons entitled to or accepting compensation under article 101 the same right to the benefit of article 67 which they would have had if they had not been entitled to or had not accepted such compensation, and no other or different rights. In other words, if they were within the class benefited by article 67, they were given the right denied them by the original Workmen's Compensation Act of enforcing the benefit; if they were not within that class, they acquired no such right under article 101. There is, it appears to me, no reason to believe that the Legislature intended to do any more than that. It may be that humanity and equity dictate that a tort-feasor should be liable to any person for loss actually suffered through the death of another where such death occurred through the wrongful act of the tort-feasor. But whether that should be the law is for the Legislature and not the courts to say, and until the Legislature does speak, the common law controls.

Nor am I in accord with the view that the two statutes are *in pari materia*. An essential element in the definition of that phrase is that the statutes shall relate to the same subject-matter. Here article 67 creates a cause of action in certain relatives of one killed by a wrongful act to recover damages in respect thereof, while article 101 relates to the right of persons, engaged in hazardous occupations, to assert the rights created by article 67, which was denied by earlier legislation. The one created a right, the other removed a disability. The one is substantive, the other adjective and incidental.

It is suggested that the statute creates the cause of action in section 1, article 67, Code, and that section 2, *Id.*, does no more than direct the distribution of a fund collectible under section 1. But that, it seems, ignores the history and purpose of the act, and converts it from compensatory into punitive legislation. Its purpose was not to impose a penalty upon tort-feasors for a wrongful act resulting in death in

every case, but to give to persons who stood in a certain specified relationship to the injured person the right to recover compensation for the loss suffered by them as a result of his death. The liability mentioned in the act did not arise unless there were in existence persons within the class defined in section 2. Independently of them it did not exist. It related not to the devolution or survival of an existing right, but to the creation of a new right in the designated beneficiaries. When a right is given by the act to the personal representatives of one injured to recover damages against a tortfeasor whose wrongful act caused his death, obviously it refers to the right of such representatives to recover in cases such as *Stewart v. United Elec. Lt. & Pow. Co., supra,* where the right to recover damages had accrued to the injured person in his life time, and it created no new cause of action, but only gave to the personal representatives of one whose dependents had accepted compensation under article 101, Code, the same rights they would have had if he had not been affected by that act. But if section 58, article 101, is to be transplanted bodily into article 67, section 2, and the class of persons who may enforce the liability created by that article enlarged so as to include personal representatives, it might well be held that the damages recoverable would be such as the injured employee might have recovered had he lived, and, if there were no dependents, would go to swell the assets of his estate. There is no reason why one whose wrongful act has resulted in injury or death to another should not be liable in damages in respect thereof, but at common law no act, however tortious, can be the base of a civil action unless to some extent and in some way it injures another. It has been held that at common law no one could recover for the death of another, because the value of human life may not be measured. 8 *R. C. L.* 719. The fallacy of that reason is of course obvious today, when as a result of contract and statute human life is constantly valued, and the promptings of common sense and humanity have by a variety of statutes so modified the common law doctrine that

those who stood in such a relationship to an injured person that by the laws of nature or civil conventions they were entitled to look to him for support may recover against a tort-feasor pecuniary loss suffered as a result of his death, where it resulted from the wrongful act of the defendant. But the extension of that liability is for the Legislature and not for the courts, and until the Legislature speaks, in this state the rules and principles of the common law remain unchanged. It seems to me that the Legislature did not intend to enlarge the class of persons entitled to the benefit of article 67, but merely meant to give to persons claiming compensation under article 101, as the result of the death of one in respect to which the claim was filed, the same right to recover, for pecuniary loss which they had suffered as a result of the death, against a tort-feasor whose wrongful act had caused the death, as they would have had had no such claim been made. For that reason I am not able to concur in the opinion which announces a different principle.