GEORGE P. MECH ET AL. *v.* LUCIUS S. STORRS ET AL. RECEIVERS

[No. 52, April Term, 1935.]

*Decided June 19, 1935.*

The cause was argued before BOND, C. J., URNER, OF-FUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*William L. Marbury, Jr.,* and *G. Van Velsor Wolf,* with whom were *Marbury, Gosnell & Williams* on the brief, for the appellants.

*Wallis Giffen* and *Walter V. Harrison,* with whom was *E. Paul Mason* on the brief, for the appellees.

SHEHAN, J., delivered the opinion of the court.

Lucius S. Storrs and William H. Meese, receivers for the United Railways & Electric Company of Baltimore, a body corporate, appellees, on the 20th day of December, 1934, recovered a judgment in the Superior Court of Baltimore City for $5,000 against George P. Mech and the Metal Package Company, a corporation of the State of Delaware, appellants. From that judgment this appeal is taken.

The United Railways & Electric Company of Baltimore was the employer of William P. Frazier, and was self-insurer of the risk assumed in that employment. This employee was engaged in a hazardous occupation, as a laborer in the repair gang of said company, and in the course of his employment, while engaged in repairing the tracks of the company, he was killed through the negligent operation of an automobile belonging to the Metal Package Company, and driven by George P. Mech, its alleged agent.

This is the second appeal that has been taken in this case, and most of the questions raised herein were presented to and considered at length by this court in the former appeal. *Storrs v. Mech,* 166 Md. 124, 170 A. 743.

There are three questions presented for our consideration in this appeal:

First. Was George P. Mech, at the time of the accident, an agent or employee of the Metal Package Company, acting within his employment, so as to render the appellant the Metal Package Company liable for his negligence, which caused the death of William P. Frazier?

Second. Was Susie V. Frazier, the sister of the deceased, such a dependent as to entitle her to compensation under the Workmen's Compensation Law, and was there sufficient evidence to show the extent of such dependency, and because of the provisions of that law (article 101, secs. 36 and 58) was she entitled to sue under Lord Campbell's Act, as extended by these provisions (Code, art. 67, sec. 1 [repealed and re-enacted by Laws 1929, ch. 570, sec. 3] and section 2), for the death of her brother, caused by the negligence of George P. Mech?

Third. Whether the plaintiff's right of recovery is limited to the amount of the compensation for which it was made liable to its deceased employee's dependent sister by the award of the State Industrial Accident Commission upon the claim of the decedent's sister for compensation for his death at the hands of George P. Mech while decedent was at his customary work for his employer; in other words, Does this award of the State Industrial Accident Commission constitute the entire measure of the damages that the appellees are entitled to recover?

These are the several questions here presented for consideration, and they will be examined and disposed of in their order, first briefly reviewing the facts, which are neither difficult nor conflicting. About 1 o'clock p. m. on February 29th, 1932, several employees of the United Railways & Electric Company, including William P. Frazier, the deceased, were engaged in repairing tracks

on Eastern Avenue in the City of Baltimore, when an automobile owned by the Metal Package Company and operated by George P. Mech, the traffic manager and agent of the Metal Package Company, one of the appellees, came down Eastern Avenue and struck Frazier, who at that time was engaged in his work. The collision caused injuries from which William P. Frazier died shortly thereafter. On that day George P. Mech had left the plant where he was employed in order to transact certain business for the Metal Package Company. On his way back to the factory, it being more convenient, and in order to save time, which benefited his employer, he stopped at his house for lunch. After leaving there, and while proceeding in the company's automobile to his place of business, this accident occurred.

Under this statement of facts there can be no doubt that George P. Mech was the agent of the Metal Package Company, acting for it, within the scope of his employment. The mere fact that on his way from a place to which he had gone on business for his employer, in order to save time, he stopped at his home for lunch, because it was more convenient to do so, and from there was proceeding to his place of business, would not take him out of his employment by the Metal Package Company at the time of the accident. He was clearly its agent, and the company is liable for his negligence and the consequences thereof. This question of agency was presented by the defendants' A and B prayers. The court refused to grant either of them, and was correct in so doing. This question is not seriously urged either in the argument or in the brief of the appellants; therefore, it requires no further consideration, except the citations here given: *Salowitch v. Kres,* 147 Md. 23, 127 A. 643; *Jordan Stabler Co. v. Tankersly,* 146 Md. 454, 126 A. 65; *Louis v. Johnson,* 146 Md. 115, 125 A. 895; *Myers v. Shipley,* 140 Md. 380, 116 A. 645; *Whitelock v. Dennis,* 139 Md. 557, 566, 116 A. 68; *Dearholt Motor Sales Co. v. Merritt,* 133 Md. 323, 105 A. 316; *Stewart Taxi-Service*

*Co. v. Merritt,* 127 Md. 70, 95 A. 1057; *Vonderhorst Brewing Co. v. Amrhine,* 98 Md. 406, 56 A. 833.

The question of dependency of Susie V. Frazier, the extent thereof, and the sufficiency of the evidence to prove with a fair degree of certainty the loss sustained by her on account of her brother's death, we will now consider.

At the time of the death of William P. Frazier, he was forty-eight years of age, unmarried, in good health, and had been employed by the Railways Company for about twenty-five years. At that time he and his sister, Susie V. Frazier, who was forty-four years of age and unmarried, were living together in a house owned by her. He supplied the funds with which to run the house. His sister did the housework, and had no other employment. He regularly brought home his earnings, gave the money to her, and she purchased the supplies for the household and other necessities and requirements, and the balance was deposited by her in bank to their joint account. He had no other dependents, and she had no other support.

His average weekly earnings at the time of the accident were $19.48, and their joint expectancy of life was 17.4 years. Before the death of her brother, she had no employment other than that above described, and since his death she has only done a little dressmaking. As a dependent of her brother, she has received compensation from the company (self-insurer) at the rate of $12.99 a week, as awarded by the State Industrial Accident Commission.

In answering the questions here presented, a brief review of the statutes bearing upon this subject should be here given. It will not be necessary to set them forth at length, because they have been carefully reviewed in the former appeal in this case. In article 67, under the title "Negligence Causing Death," section 1 (repealed and re-enacted by Laws 1929, ch. 570, sec. 3) describes the circumstances under which the right of action accrues, and in section 2 those persons entitled to sue are limited to wife, husband, parent, and child of the deceased. In

article 101, sec. 58 (Workmen's Compensation Law), a tort-feasor other than the employer is held responsible in case of death to the personal representatives or dependents therein defined. Article 101, sec 36, provides that the wife or invalid husband, the child, or children under the age of sixteen years, etc., are presumed to be wholly dependent upon the deceased and in all other cases the question of dependency, in whole or in part, is determined by the facts in the particular case existing at the time of the injury resulting in death of the employee, but no person shall be considered a dependent unless such person be father, mother, grandfather, grandmother, stepchild, or grandchild, or brother or sister of the deceased employee, including those otherwise specified in the act. It is clear, and has been so stated, that "under these provisions it is abundantly evident that a sister is not such a person as is presumed to be dependent, but she is obligated to prove the fact of dependency. When this is successfully done, she is as certainly a dependent as a husband, wife, or child of the deceased employee." *Storrs v. Mech, supra.* The question now for consideration is, Has Susie V. Frazier, the sister, been proven to have been a dependent upon her deceased brother?

While the above question was presented on demurrer to the declaration, nevertheless it was stated in the opinion in the former appeal (166 Md. 124, 170 A. 743): "There can be no question, then, that Susie V. Frazier could be, and has been found to be, a dependent of her deceased brother. Under such conditions she could, by virtue of the clear and definite language of section 58, proceed either by law against the other person (tort-feasor) to recover damages, or against the employer for compensation. Such language does not create any new liability to that existing under the common law, or Lord Campbell's Act, but simply includes the dependents of a deceased person, as those dependents are defined and determined under the provisions of the Workmen's Compensation Act, with those persons named in section 2 of

article 67 who could enforce the liability against the wrongdoer under circumstances set out in section 1 of that article."

The appellants have raised the question of sufficiency of proof to show the amount or any amount of money to which Susie V. Frazier was entitled. Questions of dependency and the extent thereof are facts, as in other cases for loss of service, to be proven. It will appear that the relations between this brother and sister were very ·close. For many years they lived together. The mutual undertakings in regard to household affairs and arrangements closely resembled those of husband and wife, as found in most homes where the plane of living is similar to this. The more important facts have already been stated and need not again be recited.

As contended by the appellants, it is true that the recovery must be for pecuniary losses growing out of the accident and death of persons, and not as a solace for grief, or for sentimental reasons. From the facts in this case, it is clear there has been a pecuniary loss, and that loss, and the amount thereof, is a question for the jury to fairly estimate or determine. The pecuniary loss, as required in suits under the Lord Campbell's Act, is ever a difficult problem for both courts and juries. The damages are not measured by exact mathematical calculations. In these cases it is a judicial and judicious determination as to loss that is required, but this is a problem in all cases where the human element of service, dependency, parental care, and maintenance are sought to be equated in dollars.

We think the facts and circumstances furnish legally sufficient proof of the dependency of this sister, as required by the statute, and facts are sufficiently presented to enable the court or jury to fairly estimate the extent of loss by this dependent sister.

The problem of assessing damages in this case is no greater or more uncertain than many other cases, where

the right of recovery has been approved and the amount thereof determined.

The final question for our consideration relates to the damages which may be recovered by a self-insurer in a case of this character, and briefly restated, Does the award of the State Industrial Accident Commission constitute the entire measure of damages that may be allowed in this case?

This question is not free from difficulty, as shown by the opinion of the court in the case of *Storrs v. Mech, supra,* and in the able dissenting opinion by Judge Offutt.

The exceptions to the opening statement of the plaintiff's attorney are based upon his assertion that the suit was brought for and on behalf of the United Railways & Electric Company as self-insurers, and for and on behalf of Susie V. Frazier, against the person and corporation who were directly responsible for the death of William P. Frazier, and that in this case the plaintiffs are entitled to a verdict in a sum sufficient to compensate Miss Frazier for the financial loss she has sustained through the death of her brother, and that she should recover substantial damages in addition to the $3,125, the amount paid or ordered to be paid to her as compensation. The recovery was $5,000; therefore, the real controversy in dollars is the difference between the award and the amount of the recovery. Thus it will be seen that in the very beginning of the trial the position of the plaintiff was made clear; namely, that the right of recovery is not limited to the amount of the award, but should be for the full amount of damages to which Susie V. Frazier was entitled, because of the death of her brother. Exceptions as to the admissibility of testimony, in regard to damages, other than the amount of the award, and to the plaintiff's first prayer, and to the rejection of the defendants' first and second prayers, and to the overruling of the defendants' special exceptions to the plaintiff's first prayer, clearly present the question as to the amount of

recovery or damages to which the plaintiff might be entitled.

We think that this is the important, and certainly is the difficult, problem in this appeal, and were it not for the opinion of the court in *Storrs v. Mech, supra,* we would regard it as entirely an open question, with an abundance of argument and sound reasoning on both sides, as will be observed in the opinion of the court in the former appeal, and in the dissenting opinion of Judge Offutt.

If we hold to that opinion of the court, then the judgment herein must be affirmed. It is clear that, to reverse the judgment, we must overrule the conclusions stated in that opinion, and that we are not prepared to do. In this case there are two major conclusions already established:

First. That the Workmen's Compensation Law adds to section 2 of the Lord Campbell's Act, *supra,* an additional class that may sue under the provisions of that act, and included in that class are sisters.

Second. That the insurer, whoever he may be, can sue the tort-feasor, who caused the injury or death of the deceased, and is not limited by the amount of the award of the Industrial Accident Commission, but may recover the full amount to which the dependent is entitled, and thus enforce the full claim of the dependent against the tort-feasor, retaining therefrom the amount paid or awarded to be paid by such insurer, and paying the balance so recovered to the dependent. If the dependent sues and recovers, she must reimburse the insurer, and retains the balance, if any, for her own use. This is the clear meaning of the statute and it has been so construed in the former appeal, and, under the statutory provisions and all the facts herein, the court cannot depart from the position that it has already taken. Whether it would have been the wiser course to limit the recovery of the insurer to the amount of the award, and leave the dependent to recover in an appropriate action for whatever damages she has sustained in excess of the award, is a matter of legislative policy and not of judicial determination in this case.

We adopt the conclusions in the opinion in the former appeal as a whole, and therefore need not quote at greater length from that opinion than has already been done.

It being our conclusion that the agency of George P. Mech, the dependency of Susie V. Frazier, the sufficiency of the evidence as to the extent of her loss, have all been shown, and for the reasons above stated the rulings of the court pertaining to the measure of damages are correct, and therefore the overruling of the exceptions to the opening statement of the plaintiff's counsel and of the exceptions to the testimony tending to show damages greater than the award, the ruling on the defendants' A and B prayers, relating to the agency of Mech, and on the defendants' first and second prayers, and on the first prayer of the plaintiff, and the overruling of the special exceptions to this prayer, were all correct; therefore, the judgment from which this appeal is taken must be affirmed.

*Judgment affirmed, with costs to the appellees.*