STATE, Use of HOLT, etc., et al. *v.* TRY, INC.

[No. 267, September Term, 1958.]

*Decided June 10, 1959.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Harry M. Sachs, Jr.,* with whom were *Sachs & Sachs* on the brief, for the appellants.

*Charles C. W. Atwater,* with whom was *Walter C. Mylander, Jr.,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

This appeal comes to us on a stipulated statement of the case

and an order of the trial court under the provisions of Rule 826 g. The sole question presented, a narrow one, is:

"May the illegitimate children of a deceased father recover under the provisions of the Code (1957), Article 67 [Lord Campbell's Act] for the wrongful death of their putative father where the mother of such decedent is living and is a use-plaintiff in the same proceeding to recover for such alleged wrongful death?"

The appellants contend that the question should be answered in the affirmative, arguing that a reading of Section 4 of said Article 67, together with the title when it was amended in 1937, and Code (1957), Article 1, Section 16, shows a legislative intent to include within the provisions of said Section 4 illegitimate children of a father who suffers death as the result of the wrongful act, neglect or default of another, even when such father has surviving him a parent, wife or legitimate child.

Section 4 of Article 67 reads, in part, as follows:

"Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused OR IF THERE BE NO SUCH PERSON OR PERSONS ENTITLED, THEN ANY PERSON RELATED TO THE DECEASED BY BLOOD OR MARRIAGE, WHO, AS A MATTER OF FACT, WAS WHOLLY DEPENDENT UPON THE PERSON WHOSE DEATH SHALL HAVE BEEN SO CAUSED. EVERY SUCH ACTION [1] shall be brought by and in the name of the State of Maryland for the use of the person OR· PERSONS [1] entitled to damages; *'parent'* shall include the mother of an illegitimate child whose death shall have been so caused; 'child' shall include an illegitimate child whenever the person whose death is so caused is the mother

---

1. The portion in capitals added by Chapter 16, Laws of 1952.

*of such child,*[2] and in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought, * * *."

The history of this Act was outlined by us in the recent case of *McKeon v. State,* 211 Md. 437, 442, 127 A. 2d 635.

This Section 4 was amended by Chapter 38 of the laws of 1937 and its preamble read:

"An act to repeal and re-enact with amendments Section 2 of Article 67 * * *, enlarging the class for whose benefit an action for wrongful death may be brought by extending * * * to an illegitimate child the right to recover for the death of his mother *and, in certain cases, of his father."* (Italics supplied.)

Code (1957), Article 1, Section 16, [enacted by the legislature in 1937] provides:

"The word child or its equivalent shall be construed to include any illegitimate child except in matters of inheritance, descent or distribution of real and personal property, unless such a construction would be unreasonable."

We stated in the *McKeon* case, *supra:* "The primary and fundamental purposes in construing and interpreting a statute are to ascertain, and to carry out, the true intention of the law. The object of all rules, canons of construction and maxims is to act as aids and guides in discovering the real legislative intent." We think the action of the legislature in 1937 made their intention crystal clear with reference to the subject under discussion. The italicized words, "and, in certain cases, of his father" in the preamble to Chapter 38 of the Acts of 1937 were placed there because in the body of the Act, as originally introduced, there was a provision that the word "child" should include an illegitimate child whenever the

---

2. The portion italicized added by Chapter 38, Laws of 1937.

person whose death "is so caused" is the *"father of such child and paternity has been established by bastardy proceedings, or by acknowledgment by the father, or such child has become a member of the household of the father prior to his death, or such father had contributed to the support of such child during his lifetime, or made provision for such child in his last will and testament or by deed of trust."* This italicized portion of the original Act relating to illegitimate children of a deceased father was deliberately eliminated therefrom by an amendment,[3] while the provision relating to the illegitimate children of a deceased mother was permitted to remain and was enacted into law. It is difficult to conceive of action that would more clearly demonstrate the legislative will and intention. If the provision relating to the illegitimate children of a deceased mother had been enacted without anything having been said concerning the illegitimate children of fathers, it could be strongly argued that the maxim, *expressio unius est exclusio alterius,* is applicable. But here we have a much stronger situation: the legislature considered and deliberated upon the very question that we are asked to read into the law on the ground of legislative intention, and, after such consideration and deliberation, rejected it and struck it from the Act. Under these circumstances, we have no hesitancy in ruling that to hold under the provision of Section 16 of Article 1, an article of the Code dealing with rules of interpretation, that the word "child" as used in Section 4 of Article 67 includes illegitimate children of a deceased father, when such father's mother is still living,[4] would be "an unreasonable construction."

*Judgment affirmed, with costs.*

---

3. While this provision was eliminated from the Act, there was no amendment to the preamble to strike it from there. This occurs not infrequently in the enactment of laws.

4. It will be noted that we are dealing with a situation where the decedent's mother is still living. We are not called upon to decide, and therefore express no opinion upon, whether an illegitimate child of a deceased father could qualify under Section 4 as "any person related to the deceased by blood or marriage" who is wholly dependent upon the deceased when he has no wife, parent or legitimate child.