TAYLOR ᴇᴛ ᴀʟ. *v.* STATE, Uꜱᴇ ᴏꜰ MEARS ᴇᴛ ᴀʟ.

[No. 142, September Term, 1963.]

*Decided January 30, 1964.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.

*W. Ross Hockersmith* for the appellants.

*Eugene A. Edgett, Jr.,* and *Louis G. Close, Jr.,* for the appellees.

MARBURY, J., delivered the opinion of the Court.

This appeal emanates from an automobile accident which occurred on January 17, 1961, in Snow Hill, Maryland, when a truck driven by the appellant James Plummer Holley and owned by the appellant Carlton Perry Taylor collided with a bread delivery truck owned by General Baking Company and driven by Preston Royce Mears. Mears was instantly killed, and the parties agreed that he was killed while in the course of his employment. The decedent left surviving him two legitimate children born of a marriage which had been terminated by divorce. He also left surviving him one Margaret Anne Pusey Mears, with whom the decedent lived, but to whom he never was married, and two illegitimate children by her, namely, Gail Ann Mears and Preston Lee Mears.

Subsequent to an award by the Workmen's Compensation Commission, suit was brought against the appellants by the filing of a three-count declaration based upon Code (1957), Article 67 (titled Negligence Causing Death, but more commonly referred to as Lord Campbell's Act or the wrongful death statute). The count with which this appeal is concerned is the second one in which damages were sought for the two illegitimate children and their mother. The defendants' demurrer to the count was overruled. A general issue plea was filed and the case was tried. In the course of the trial objec-

tions were made by the defendants to all testimony concerning any relationship between the decedent and Margaret Anne Pusey Mears and her two children. Motions for directed verdicts offered by the defendants were overruled. The jury returned a verdict under the second count. It awarded nothing to the mother, but awarded Gail Ann Mears $15,694, and her brother Preston Lee Mears $16,858.

On this appeal from the judgments entered on this verdict for the plaintiffs-appellees, the defendants-appellants raise two interrelated questions of law. They first contend that illegitimate children who have recovered under the Workmen's Compensation Act for the death of their natural father can not bring a suit under the Maryland Lord Campbell's Act. They also contend that even if they are wrong on this point generally, nevertheless illegitimate children may not sue under the wrongful death act where there are, as in this case, surviving legitimate children of the deceased.

The thrust of the argument is that the plain meaning of Article 67, Section 4, while admittedly allowing an illegitimate child to recover for the death of its mother, does not include recovery where the deceased parent is the father. In pertinent part Section 4 reads as follows:

"Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused [wrongfully] * * * 'child' shall include an illegitimate child whenever the person whose death is so caused is the mother of such child * * *."

We were within one step of the situation presented here in the case of *State, Use of Holt v. Try, Inc.*, 220 Md. 270, 152 A. 2d 126. There the question was whether illegitimate children of a deceased father could recover under Article 67 for the wrongful death of the father where the mother of the decedent was alive and also a use-plaintiff in the same action. We held that they could not. It was argued that Code (1957), Article 1, § 16, which directs that the word "child" be construed to include "illegitimate child" except where unreasonable (or in specified situations not there applicable) should be

read *in pari materia* with Article 67 to hold that the illegitimate children had standing to sue.

Writing for this Court, Judge Prescott reasoned that since the legislature had struck out of a bill amending the act (Session Laws, 1937, Ch. 38) a provision which would have expressly permitted an illegitimate child to recover for the death of its father "in certain cases", that the legislative intent was clearly expressed, and that to include illegitimate children among those entitled to bring a wrongful death action would have placed a tortuous construction upon Article 1, Section 16. By footnote reference, the opinion of the Court noted that we were not called upon to decide whether illegitimate children could qualify under Section 4 of Article 67 if they were dependent upon the deceased and where the deceased left no wife, parent, or legitimate children. However, no mention was made of the instant situation, i.e., where there are both legitimate children and illegitimate children surviving.

Appellants urge us to apply the rule of construction that statutes creating remedies which had not existed at common law must be, since they are in derrogation of the common law, strictly construed. On the other hand the appellees, citing certain amendments to Article 67,[1] contend that these show a pattern of enlarging the scope of the act.

However, the basic argument of the appellees is that where there has been an award under Code (1957), Article 101, the Workmen's Compensation Act, and there is a subsequent suit by a dependent under Article 67, that the very issue at bar must be determined by giving consideration to both statutes, that is, to treat them as being *in pari materia*. Specifically, they point to Section 58 of Article 101, the subrogation section.

Construing Section 58 in *Clough & Molloy v. Shilling,* 149 Md. 189, 195, 131 Atl. 343, we said this:

---

1. E.g., Session Laws 1937, Ch. 38 (allowing an illegitimate child to recover for the death of its mother, and a mother for the death of her illegitimate child); Session Laws 1952, Ch. 16 (allowing persons related to the decedent by blood or marriage and wholly dependent upon the decedent to recover under certain situations. See infra.)

"In other words, section 58 of article 101 does not create any new liability, but simply designates in what manner the liability theretofore existing, under the common law and Lord Campbell's Act, should be enforced, and changes the parties who might be benefited by such enforcement. Section 58 provides, in cases where there was an existing liability on the part of a third person, other than the employer, that in case of death the dependents, as defined in article 101, may proceed either by law against the tort-feasor or against the employer for compensation under the act, * * *."

There is no question that these appellants are liable for the death of the father, and it is equally clear that the decedent's illegitimate children were dependents "as defined in article 101" and under Section 58 of that Article are such parties as may benefit by its enforcement.

A situation similar to the instant case was presented in *Storrs v. Mech*, 166 Md. 124, 170 Atl. 743, and we think that decision in conjunction with the decision in *Clough & Molloy v. Shilling, supra,* is controlling here. The *Storrs* case presented the question of whether a dependent sister of a deceased employee, upon whose death she received compensation under Article 101, could thereafter maintain an action for the wrongful death of her brother.

The opinion by Judge Digges recognized the argument which is made by appellants in this case, namely, that under the plain language of Article 67 the sister was not entitled to bring the suit, for she was not within the class there enumerated. Nevertheless, the opinion states at 166 Md. 126:

"The case, however, is not so simple as that, because the provisions of the Workmen's Compensation Law, codified as article 101, deal also with persons who can recover for the wrongful act of another resulting in death, under certain conditions set forth in the provisions of that article, section 58 * * *."

Continuing at p. 129:

"The question in the present case, therefore, is: Do the provisions of article 101, 'Workmen's Compensation,' enlarge or add to the persons who, under Lord Campbell's Act, could sue a tort-feasor for injuries resulting in death? There is nothing in conflict between the provisions of article 67, 'Lord Campbell's Act,' and article 101, 'Workmen's Compensation.' They both unquestionably deal with recovery for injuries resulting in death. The two statutes are *in pari materia* and must be construed together." (Citing cases.)

After a discussion of the legislature's power to enlarge the class of persons who are entitled to sue a tort-feasor under Section 58 of Article 101 and deciding it so had the power, Judge Digges said at page 131:

"There can be no question, then, that Susie V. Frazier could be, and has been found to be, a dependent of her deceased brother. Under such conditions she could, by virtue of the clear and definite language of section 58, proceed either by law against the other person (tort-feasor) to recover damages, or against the employer for compensation.[2] Such language does not create any new liability to that existing under the common law, or Lord Campbell's Act, but simply includes the dependents of a deceased person, as those dependents are defined and determined under the provisions of the Workmen's Compensation Act, with those persons named in section 2[3] of article 67 who could enforce the liability against the wrongdoer under circumstances set out in section 1 of that article. We find nothing in the language of the court in *Clough & Molloy v. Shilling, supra,* in conflict with this conclusion, but rather we think the language in

---

**2.** Subsequent amendments eliminated the requirement of election. See *Perdue v. Brittingham,* 186 Md. 393, 47 A. 2d 491.

**3.** Now Section 4.

that case indicates the view of the court on this question, and is authority for the position here taken, * * *."

Finally, the opinion states in summing up, at page 132:

"[W]e think no new liability is created by article 101, Workmen's Compensation Law, but that that article does enlarge the persons who may take the benefit of the liability already existing and created by section 1 of article 67. This construction, it seems to us, is compelled by the language of the statutes involved, and is in strict accord with the equity of such a situation."

Thus a sister, although not in the class enumerated in Section 1 of Article 67, was allowed to recover because she was a dependent under the Workmen's Compensation Law and as such, by the proviso of Section 58 of Article 101, was added to the class that could recover under the Lord Campbell's Act. We think the same right of recovery would necessarily be present for illegitimate children who have met the dependency requirements of Article 101.

However, the appellants argue that even if illegitimate children can, as a general rule, sue under Article 67 for the wrongful death of their father, they can not do so where there are surviving legitimate children of the deceased. Again, the appellants rely on the plain language of Section 4 of Article 67 as amended in 1952 to read as follows:

"Every such action shall be for the benefit of the wife, husband, parent and child of the person whose death shall have been so caused [wrongfully] or if there be no such person or persons entitled, then any person related to the deceased by blood or marriage, who, as a matter of fact, was wholly dependent upon the person whose death shall have been so caused. * * * 'parent' shall include the mother of an illegitimate child whose death shall have been so caused; 'child' shall include an illegitimate child whenever the person whose death is so caused is the mother of such child; * * *."

The legal result, contend the appellants, is that the illegitimate children are in a secondary class (of those related by blood or marriage) and therefore can not bring the suit because there are "such persons" in a primary class, namely, the legitimate children of the deceased who may, and in fact did in this case, recover under a separate count.

We do not, however, read Section 4 so narrowly when Article 67 is construed together with Article 101. Again, we turn to *Storrs v. Mech,* 166 Md. 124, and the language quoted previously from page 131. Reiteratively, the language of Section 58 of Article 101 *includes* the dependents of the decedent (as defined and determined under the provisions of that statute) "with those persons named in Section 2 [now Section 4] of Article 67" entitled to maintain an action thereunder.

We do not mean to qualify in any way the holding in *State, Use of Holt v. Try, Inc.,* 220 Md. 270, discussed above. It may be that an anomalous situation is presented. Thus, if these illegitimate children in this appeal had not been entitled to sue as dependents under the Workmen's Compensation Act, but had proceeded solely under the wrongful death statute, they would have had no standing to sue, as the appellees candidly admitted at the oral argument. Whatever doubts may exist concerning such a legal incongruity we feel bound by our prior decisions in *Clough & Molloy v. Shilling, supra,* and *Storrs v. Mech, supra.*

Appellants, while maintaining that the situation here is different from that in *Storrs v. Mech,* nevertheless ask that we reconsider the Court's holding in that case. The same case was again before us in a slightly different posture in *Mech v. Storrs,* 169 Md. 150, 179 Atl. 525, and we reaffirmed our earlier holding. Amendments to both Article 67 and Article 101 subsequent to the decision of *Clough & Molloy v. Shilling* and *Storrs v. Mech* have left their combined effect undisturbed, and any change that may be deemed advisable must come, we feel, from legislative enactment and not by judicial construction.

*Judgments affirmed. Costs to be
paid by appellants.*