UNSATISFIED CLAIM AND JUDGMENT FUND
BOARD *v.* SALVO Et Al.

[No. 279, September Term, 1962.]

*Decided April 4, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

*William C. Higinbothom,* with whom was *Paul M. Higinbothom* on the brief, for appellant.

*Gould Gibbons,* with whom were *Dickerson, Nice & Sokol* and *Max Sokol* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from an order directing payment by the Unsatisfied Claim and Judgment Fund of $6,000, less $100, plus interest and costs, to the appellees. The case was submitted on an agreed statement of fact in the court below, and presents a narrow question of construction. On July 19, 1959, Joseph A. Salvo, a taxi driver for the Yellow Cab Company, was injured in a collision with an automobile driven by an uninsured motorist. Salvo was awarded workmen's compensation in the total amount of $3,378.53, and he and the insurance carrier then sued the uninsured motorist and obtained judgment in the amount of $6,000. The appellant contends that, by a proper construction of the statute, the compensation paid by the insurance carrier should have been deducted from the judgment by the court below.

Code (1957), Art. 66½, Sec. 162 (b), (as enacted by Ch. 836, Acts of 1957), covers the matter of deductions from a judgment. We had occasion to construe Sec. 162 (a) of the Act in *Simpler v. State, Use of Boyd,* 223 Md. 456, and to discuss the history of the Act, but that case is not in point here. Sec. 162 (b) lists as proper deductions, "(1) $100.00; (2) all amounts that the applicant has received or, in the opinion of the court, is likely to receive from any source, in or toward payment of the judgment; (3) all amounts that the applicant has received or, in the opinion of the court, is likely

to receive, in or toward payment of a judgment or claim against any person against whom the applicant has or had a cause of action for damages for bodily injury or death or damage to property, arising out of the same accident; * * *." A fourth category, of amounts received under a policy indemnifying against collision damages was added by Ch. 439, Acts of 1961, not here applicable.

Subsection (d) provides: "Notwithstanding the provisions of any workmen's compensation or similar law to the contrary, neither the employer of an injured person or decedent, nor the insurer of such employer, shall be entitled to a lien on payment from the fund where the amount of such payment has been reduced by the amount of benefits paid or to be paid pursuant to any workmen's compensation or similar law, nor shall such benefits be reduced because of such reduced payment from the fund."

The appellant argues that subsections (2) and (3), of Section 162 (b), import that all amounts recovered from any source must be deducted from the judgment. Of course, this is not literally true. An amount recovered on a workmen's compensation claim is not received "in or toward payment of the judgment", on the contrary, the Compensation Act, Code (1957), Art. 101, Sec. 58, expressly confers a right of subrogation on the insurance carrier, to sue and recover from a negligent third person. Likewise, a workmen's compensation claim is not based on "a cause of action for damages * * * arising out of the same accident." It requires no citation of authority to state that the Compensation Act was designed to substitute an award thereunder, without regard to fault, for the preexisting causes of action against an employer for damages.

If there were any room for construing these subsections more broadly, and we find none, the matter would seem to be set at rest by an examination of Chapter 836 of the Acts of 1957. This shows that in the bill as introduced there were two additional subsections to Sec. 145M (now 162), reading as follows: "(4) the total amount or value of all compensation, medical expenses and other benefits, paid or to be paid pursuant to any workmen's compensation or similar law on ac-

count of such injuries or death; and (5) the amounts received or recoverable for indemnity or other benefits for such injury or death or for damage to property from any person." These subsections were stricken from the bill in its passage by the Legislature. This clearly demonstrated the legislative intention. *State, Use of Holt v. Try, Inc.,* 220 Md. 270, 274.

The appellant argues, however, that although these subsections were eliminated from the bill the Legislature did not strike section 162 (d), and that that section, by necessary implication, calls for the deduction of workmen's compensation claims. Again, that is not literally true. The section simply provides that an insurance carrier shall not be entitled to a lien on payment from the Fund, "where the amount of such payment has been reduced" by the amount of benefits paid, and that benefits shall not be reduced "because of such reduced payment from the fund." This section has no application at all, except where payments are reduced, and, as we have said, there is no authority in the Act to reduce payments by the amount of workmen's compensation benefits. We think no implication of intent to allow such reduction can be drawn in the teeth of the legislative elimination of the authority to reduce. The effect of the elimination, of course, was to preserve to at least some of the insurers in the field, a preexisting right of subrogation they would otherwise have lost.

Failure to eliminate section (d) may have been due to legislative oversight, or because it was thought that it would do no harm, once the predicate was eliminated, or because of a latent fear that someone might claim a lien or seek to reduce compensation benefits by reason of a recovery from the Fund. Or it may have been thought that section (d) could have a valid application to recoveries under compensation or similar laws other than those of the State of Maryland. It may be noted that the section refers to "any workmen's compensation or similar law." In any event, we find it inapplicable in the case at bar, in the light of the legislative history.

*Judgment affirmed, with costs.*