# GRAY *v.* STATE ROADS COMMISSION OF MARYLAND, ET AL.

[No. 230, September Term, 1968.]

*Decided May 7, 1969.*

The cause was argued before HAMMOND, C. J., and MAR-BURY, McWILLIAMS, FINAN and SMITH, JJ.

*Richard S. Paulson*, with whom were *Sorrell, Paulson, Leach & Wilkinson, W. Byron Sorrell, Arthur D. Leach* and *George A. Wilkinson, Jr.*, on the brief, for appellant.

*Charles R. Goldsborough, Jr., Assistant Special Attorney*, with whom were *Francis B. Burch, Attorney General*, and *J. Howard Holzer, Special Attorney* on the brief, for appellees.

FINAN, J., delivered the opinion of the Court.

This is an appeal of Perry H. Gray, appellant, from an order of the Circuit Court for Montgomery County, Maryland, which denied appellant's motion for summary judgment and granted the motion for summary judgment filed by the appellees, Maryland State Roads Commission and the State Accident Fund. The action below involved an appeal from an order of the Workmen's Compensation Commission, dated January 11, 1968, which in effect held that a supplemental award of compensation in the amount of $2,830.00, which the Commission had granted on February 27, 1967, should not be paid to the appellant on the theory that the appellees were entitled to a credit in the amount of $3,399.95 against the supplemental award. The $3,399.95 was the net recovery to the appellant as the result of a judgment in his favor in a third party tort liability action, and subsequent payment from the Unsatisfied Judgment Fund in partial satisfaction of his judgment in the amount of $9,-900.00 plus court costs.

The proceedings were presented to the Circuit Court for Montgomery County on motions for summary judgment filed by the respective parties based upon an agreed statement of facts which in substance are as follows:

The appellant, while employed by the State Roads Commission, sustained an accidental personal injury on November 20, 1961. Due to the fact that there was a third party tort-feasor involved, a lawsuit was filed in the Circuit Court for Mont-

gomery County, Law No. 12,830, against Doyle L. Pratt, a non-resident. Trial of the case was held on October 23, 1963, and thereafter judgment was entered upon a verdict in the amount of $35,000.00 plus court costs.

The appellee, State Accident Fund, had joined in the aforesaid suit as a use-plaintiff pursuant to the provisions of section 15 of Article 101, Code (1964 Repl. Vol.).

In view of the fact that the defendant Pratt was uninsured, claim was made under the Unsatisfied Claim and Judgment Fund and the sum of $9,900.00 net was received from the Unsatisfied Claim and Judgment Fund, of which amount after payment of attorney's fees, medical expenses and other costs, the appellant received $3,395.95.[1]

Also as a result of the aforesaid injury, the appellant filed his claim with the Workmen's Compensation Commission. Thereafter, on February 27, 1967, the Commission found that as a result of his accidental injury, the appellant sustained a permanent partial disability resulting in 35% loss of use of his right arm, and a permanent partial disability under "other cases" amounting to 5% industrial loss of use of his body as a result of the injuries to his head and face; the award for the right arm amounted to $2,205.00, and the award under "other cases" amounted to $625.00, for a total award of $2,830.00.

Thereafter, on January 11, 1968, the Workmen's Compensation Commission affirmed its prior order of February 27, 1967 and allowed the appellee State Accident Fund a credit of $3,-399.95 against any award.

The appellees, employer and insurer, have not paid any part of the permanent partial disability award of February 27, 1967.

The contentions which we have before us are the same as were before the Workmen's Compensation Commission and the trial court. The appellees claim that they have a credit against the February 27, 1967, award of $2,830.00 allowed by the Commission in the amount of $3,399.95, which the appellant received as a result of his third party tort claim. On the other hand, the appellant contends that the State Accident Fund is not entitled

---

1. Figure taken from agreed statement of facts, however $3,399.95 is correct.

to the credit it claims, but that the appellant is entitled to be paid by the State Accident Fund the full amount of the award as well as being entitled to the net amount of his third party recovery without credit or set off by the State Accident Fund.

The Workmen's Compensation Commission, by order dated January 11, 1968, found that it had jurisdiction over the apportionment and further that the employer and insurer were entitled to a credit of $3,399.00 as against the supplemental award of compensation of the Commission dated February 27, 1967.

The trial court, citing Art. 101, section 58 of the Code (1964 Repl. Vol.), affirmed the Commission's order of January 11th, with which action we agree.

Section 58 of Article 101, provides that the net sum (in this case $3,399.95), recovered by an injured claimant (appellant) in a third party proceeding over and above all previous liens, costs and expenses:

> "* * * shall be in lieu of any award that might otherwise have been made thereafter in the same case under the provisions of this article and said case shall thereupon be deemed to have been finally settled and closed unless the amount thus received by the injured employee or his dependents from such other person shall be less than the injured employee or his dependents would be otherwise entitled to receive under the provisions of this article, in which event he or his dependents shall have the right to reopen the claim for compensation under this article to recover the difference between the amount thus received by the injured employee or his dependents and the full amount of compensation which would be otherwise payable under this article."

We think the above quoted language of the statute controls this case. Therefore, the net sum of $3,399.95 previously recovered by the claimant in the third party proceedings, being not less than the $2,830.00 amount awarded the appellant by the Commission's order of February 27, 1967, but rather in excess thereof, there is nothing due the appellant by the appellees.

The option open to the employer, his insurance carrier and

the injured employee, in cases where action against a third party tort-feasor is available, under section 58, Article 101, and the proposition that the employee (or his dependents) is entitled to only one recovery was well expressed by Judge Hammond, now Chief Judge, writing for the Court in *Baltimore Transit Co. v. Harroll,* 217 Md. 169, 141 A. 2d 912 (1958) :

> "* * * Code, 1957, Art. 101, Sec. 58, provides that where injury or death for which compensation is payable occurs under circumstances creating a legal liability in a person other than the employer, the employee '* * * may proceed either by law against that other person to recover damages or against the employer for compensation under this article * * *' and says that if compensation is awarded or paid, the employer may enforce the liability of the tortfeasor and keep the amount of the compensation already paid and the amount of medical and hospital services paid for before paying any excess to the injured employee. It goes on to provide that if an employer shall not, within two months from the passage of an award, start proceedings to enforce the liability of a third person, the injured employee may enforce the liability of such other person, provided, 'that * * * the employer * * * shall be reimbursed for the compensation already paid or awarded and any amount or amounts paid for medical or surgical services * * * or for any of the other purposes enumerated * * *.' " *Id.* at 176.

*Cf. Flood v. Merchants Ins. Co.,* 230 Md. 373, 377, 187 A. 2d 320 (1963). *Barrett v. Indemnity Insurance Co.,* 152 Md. 253, 259, 136 A. 542 (1927).

A discussion of the philosophy behind the right of subrogation in the employer and his insurer where a third party tortfeasor is involved and the rationale of the theory prohibiting double recovery by the employee is found in *Larson, Workmen's Compensation,* Vol. 2 :[2]

---

2. Two states have no third party statute and permit double recovery, West Virginia and Ohio. Larson, Workmen's Compen-

"§ 71.10 Reaching the ultimate wrongdoer

The basic concept underlying third party actions is the simple moral idea that the ultimate loss from wrong-doing should fall upon the wrongdoer. As mentioned at the close of the preceding chapter, every respectable loss-adjusting mechanism must look in two directions: it must make the injured person whole, and it must also seek out the true wrongdoer whenever possible. While compensation law, in its social legislation aspect, it [sic] almost entirely preoccupied with the former function, it is not so devoid of moral content as to overlook the latter. * * * at 165.

\* \* \*

"§ 71.20 Avoiding double recovery

It is equally elementary that the claimant should not be allowed to keep the entire amount both of his compensation award and his common-law damage re-covery. The obvious disposition of the matter is to give the employer so much of the negligence recovery as is necessary to reimburse him for his compensation outlay, and give the employee the excess. This is fair to everyone concerned: the employer, who, in a fault sense, is neutral, comes out even; * * *." at 166-167.

However, assuming the validity of what we have said, is this concept altered by the fact that, in the case at bar, the credit sought was against a recovery obtained from the Unsatisfied Claim and Judgment Fund, no less a creature of statute than the Workmen's Compensation Law.

The most persuasive argument made by the appellant was that the Legislature never intended the Unsatisfied Claim and Judgment Fund to be an insurance carrier for the uninsured motorist but created it for the purpose of mitigating hardship resulting from automobile accidents caused by uninsured or im-pecunious motorists, *Allied American Co. v. Commissioner*, 219 Md. 607, 150 A. 2d 421 (1959).

---

sation Vol. 2, § 71.30. Larson says, "This view misconceives the fundamental nature of Workmen's Compensation * * *."

With regard to the argument that the Unsatisfied Claim and Judgment Fund was never intended as an insurance carrier for uninsured motorists, we agree in part and think the answer is found in *Allied American Co., supra,* cited by the appellant, wherein this Court stated:

> "* * * The State decided against itself going into the business of insuring all motorists, against requiring compulsory insurance of all motorists, and determined that it would, in effect, *go into the business of insuring to a limited extent only impecunious motorists who were not insured. * * *." Id.* at 621-622. (Emphasis supplied.)

We would also point out that it is conceivable that the employer may under some circumstances, especially where he is a self-insurer, be as much an innocent victim of the third party tortfeasor's wrongdoing as the injured employee himself.

What does give us concern is the proper interpretation to be placed on Code, Art. 66½, Sec. 162 (b) (1967 Repl. Vol.). We think our opinion in *Unsatisfied Claim Bd. v. Salvo,* 231 Md. 262, 189 A. 2d 638 (1963) assists in this interpretation. In *Salvo,* the injured employee and the employer's insurance carrier obtained judgment against an uninsured motorist in the amount of $6,000.00. The Unsatisfied Claim and Judgment Fund Board on appeal contended that, by proper construction of the Unsatisfied Claim and Judgment Fund Act, compensation paid by the insurance carrier should have been deducted from the judgment. The Unsatisfied Claim and Judgment Fund Act (Ch. 836, Acts of 1957) at the time of the decision in *Salvo,* was, in the parts pertinent to the case at bar, in all material respects the same. Judge Henderson writing for the Court stated:

> "Code (1957), Art. 66½, Sec. 162 (b), (as enacted by Ch. 836, Acts of 1957), covers the matter of deductions from a judgment. * * *."
>
> * * *
>
> "The appellant argues that subsections (2) and (3), of Section 162 (b), import that all amounts recovered from any source must be deducted from the judgment.

Of course, this is not literally true. An amount recovered on a workmen's compensation claim is not received 'in or toward payment of the judgment,' on the contrary, the Compensation Act, Code (1957), Art. 101, Sec. 58, expressly confers a right of subrogation on the insurance carrier, to sue and recover from a negligent third person. Likewise, a workmen's compensation claim is not based on 'a cause of action for damages * * * arising out of the same accident.' It requires no citation of authority to state that the Compensation Act was designed to substitute an award thereunder, without regard to fault, for the preexisting causes of action against an employer for damages.

"If there were any room for construing these subsections more broadly, and we find none, the matter would seem to be set at rest by an examination of Chapter 836 of the Acts of 1957. This shows that in the bill as introduced there were two additional subsections to Sec. 145M (now 162), reading as follows: '(4) the total amount or value of all compensation, medical expenses and other benefits, paid or to be paid pursuant to any workmen's compensation or similar law on account of such injuries or death; and (5) the amounts received or recoverable for indemnity or other benefits for such injury or death or for damage to property from any person.' These subsections were stricken from the bill in its passage by the Legislature. This clearly demonstrated the legislative intention. *State, Use of Holt v. Try, Inc.*, 220 Md. 270, 274.

"The appellant argues, however, that although these subsections were eliminated from the bill the Legislature did not strike section 162 (d), [The language of subsection (d) has not been amended since *Salvo*.], and that that section, by necessary implication, calls for the deduction of workmen's compensation claims. Again, that is not literally true. The section simply provides that an insurance carrier shall not be entitled to a lien on payment from the Fund, 'where the amount of such payment has been reduced' by the amount of

such benefits paid, and that benefits shall not be reduced 'because of such reduced payment from the fund.' This section has no application at all, except where payments are reduced, and, as we have said, there is no authority in the Act to reduce payments by the amount of workmen's compensation benefits. We think no implication of intent to allow such reduction can be drawn in the teeth of the legislative elimination of the authority to reduce. The effect of the elimination, of course, was to preserve to at least some of the insurers in the field, a preexisting right of subrogation they would otherwise have lost." *Id.* at 263, 264-265.

By Chapter 447 of the Acts of 1967 the Legislature added a sixth deductible item to the five deductible items previously provided for under Section 162 (b) and this sixth item applies to an award and other payments under the Workmen's Compensation Law. However, since the accident in the case at bar occurred on November 20, 1961, and Chapter 447 has an effective date of July 1, 1967, and the Act is prospective in its effect, we need not concern ourselves with its operation in the instant case. It is true that this new sixth item of deduction provided by Chapter 447 of the Acts of 1967 precludes the employer and his insurer from any action by way of subrogation against the Unsatisfied Claim and Judgment Fund; yet, it has the net effect of denying double recovery by the injured employee or those claiming through him, which is the basic concept on which the court below predicated its opinion. We think Chapter 447, from an administrative standpoint, presents a more orderly method of preventing a double recovery, while conserving the assets of the Unsatisfied Claim and Judgment Fund; however, we see no implication in its passage, that prior thereto, a double recovery was available to the employee injured by a third party tortfeasor who happened to be an uninsured motorist. In fact, the implication is well justified, that prior to the passage of Chapter 447, the Legislature, by deleting from the Act as originally introduced, a deduction item based on a Workmen's Compensation award, specifically intended the Unsatisfied Claim

and Judgment Fund to be open to invasion by subrogation so
as to preclude a double recovery by a claimant.

*Order affirmed, appellant to pay costs.*