562 A.2d 1238

**Randall F. BISHOP et ux.**

v.

**Patricia TWIFORD.**

**Misc. No. 16, Sept. Term, 1988.**

Court of Appeals of Maryland.

Sept. 5, 1989.

Dennis F. O'Brien (Joseph Johnson, White, Mindel, Clarke & Hill, on brief), Baltimore, for appellant.

Jeanne B. Gardner (James E. Gray, David W. Allen, Goodell, DeVries, Leech & Gray, on brief), Baltimore, for appellee.

Argued Before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ.

ELDRIDGE, Judge.

Pursuant to the Maryland Uniform Certification of Questions of Law Act,[1] the United States Court of Appeals for the Fourth Circuit has certified to this Court a question concerning Maryland choice of law principles. It is whether, under the particular circumstances of the case, a Maryland court would apply Maryland's or Delaware's worker's compensation statute with regard to the allowability of a suit by one co-worker against another co-worker based on a negligent act occurring during the course of employment. As we pointed out in *Hauch v. Connor*, 295 Md. 120, 121, 453 A.2d 1207 (1983), the "Maryland Workmen's Compensation Act permits an employee, suffering a compensable injury because of the negligence of a fellow employee, to bring a personal injury action against that co-employee.... The Delaware Workmen's Compensation Act, however, prohibits such co-employee actions. *Groves v. Marvel*, 59 Del. 73, 213 A.2d 853, 855 (1965)."

The underlying facts, as set forth in the certified question, in the certification order, and in the record, disclose contacts with Maryland, with Delaware, and, to a small extent, with Pennsylvania. The litigation results from an

---

**1.** Maryland Code (1974, 1984 Repl.Vol.), §§ 12–601 through 12–609 of the Courts and Judicial Proceedings Article.

automobile accident that occurred in Maryland in 1982. Randall Bishop, a resident of Pennsylvania, and Patricia Twiford, a resident of Maryland, were both employees of Hercules, Inc., a corporation chartered and headquartered in Delaware. Twiford was assigned by Hercules to work primarily in Maryland.[2] Bishop was Regional Sales Manager for Hercules and was Twiford's supervisor. On December 2, 1982, in the course of their employment, they made a sales call on the General Motors plant in Baltimore, Maryland. Twiford was driving an automobile owned by Hercules, and Bishop was her passenger. Bishop alleges that he was injured when Twiford negligently ran a stop sign in the General Motors parking lot and struck another vehicle. Hercules, which operates as a self-insurer under the Delaware Workmen's Compensation Act, paid for Bishop's medical expenses caused by the accident.

On November 26, 1985, Bishop filed suit in the United States District Court for the District of Maryland against both Twiford and Hercules, basing his claim on Twiford's alleged negligence. On January 30, 1987, the United States District Court granted summary judgment in

---

2. According to the certification order, when the accident happened, Twiford had recently been transferred from her job at a Hercules facility in Texas, and she still had a Texas driver's license and Texas plates on her car. The certification order went on as follows:

> "Immediately after the accident occurred, Twiford gave to a policeman a Kensington, Maryland address. According to Twiford, the Kensington address was that of her mother which she was using as a local mailing address, but she herself 'stayed [in Kensington] on an infrequent basis.' ... However, Twiford had apparently stayed at the Kensington address the night prior to the day of the accident, and indicated in an answer to an interrogatory that her mother's home was her 'home' at that time....
>
> "At the time this case was filed on November 26, 1985, Twiford resided in Elkton, Maryland."

That Twiford was "assigned to work primarily in Maryland" is set forth in an affidavit of Mr. Bishop and again in the Statement of Facts in the Appellants' Brief, p. 2. The Appellee Twiford, in the Appellee's Brief, p. 2, states that she "adopts Plaintiffs' Statement of Facts," with certain exceptions. None of the exceptions relates to the statement that Twiford was assigned to work primarily in Maryland.

favor of both Twiford and Hercules.[3]   With respect to the
claim against Twiford, the court applied Delaware's Work-
men's Compensation Act, which, as previously mentioned,
bars fellow employee suits.   The federal court was of the
view that the principles set forth in *Hauch v. Connor,
supra,* and *Hutzell v. Boyer,* 252 Md. 227, 249 A.2d 449
(1969), required the application of Delaware's worker's com-
pensation law.[4]

Bishop appealed to the United States Court of Appeals
for the Fourth Circuit from the grant of summary judgment
in favor of Twiford.   Bishop contended that, under Mary-
land's choice of law principles, Maryland worker's compen-
sation law should apply with respect to the allowability of
the co-employee suit.   Thereafter the United States Court
of Appeals certified this issue to us.

As both federal courts and the parties have pointed out,
the two Maryland cases which control the question before

---

**3.**  Bishop did not challenge the grant of summary judgment in favor of
Hercules.

**4.**  The United States District Court, as an alternative basis for its
decision, relied on a section of the Maryland Workmen's Compensa-
tion Act, Code (1957, 1975 Repl.Vol.), Art. 101, § 21(c)(4), which
provides:
 "An employee and his employer who are not residents of this
 State and whose contract of hire is entered into in another state
 shall be exempted from the provisions of this article while such
 employee is temporarily or intermittently within this State doing
 work for such nonresident employer.... The benefits under the
 workmen's compensation act or similar laws of such other state
 shall be the exclusive remedy against such employer for any injury,
 whether resulting in death or not, received by such employee while
 working for such employer in this State."
In the words of the certification order, "[t]he [district] court reasoned
that because § 21(c)(4) precludes suits against out-of-state *employers*
on facts such as those at bar, by implication that statutory section also
bars suits by a worker against a co-worker when the statute's require-
ments have otherwise been met."   We disagree with the district court's
interpretation of this statute.   Assuming arguendo that § 21(c)(4)
would preclude a suit against an out-of-state employer under the facts
of this case, we believe that the language of the statute has no
application to suits between co-workers.

us are *Hutzell v. Boyer, supra,* 252 Md. 227, 249 A.2d 449, and *Hauch v. Connor, supra,* 295 Md. 120, 453 A.2d 1207.

In *Hutzell* two Maryland residents, who worked exclusively in Virginia for a Virginia corporation, were involved in a accident in Maryland while driving a company vehicle home from work. One of the employees, Boyer, filed a worker's compensation claim in Maryland, which was denied. No worker's compensation claim was filed in Virginia. Boyer then filed a tort action in Maryland against Hutzell, his fellow employee, who had been driving the vehicle at the time of the accident. At issue was whether to apply Virginia or Maryland's worker's compensation law. Virginia, unlike Maryland, does not permit fellow employee actions. This Court affirmed the trial court's ruling that Maryland's worker's compensation law should apply.

The *Hutzell* Court's decision was based primarily on Maryland public policy. The Court was "not persuaded" by the defendant's argument that there was no Maryland "public policy against granting immunity to fellow employees from tort action, as provided in the Virginia statute." 252 Md. at 233, 249 A.2d at 452. The Court also believed that the place of the injury was significant, stating "that the State of Maryland has a genuine interest in the welfare of a person injured within its borders," *ibid.*[5]

The Court in *Hutzell* specifically rejected the reasoning of *Stacy v. Greenberg,* 9 N.J. 390, 88 A.2d 619 (1952), in which the Supreme Court of New Jersey applied a New York worker's compensation law which banned fellow employee suits. The *Hutzell* Court said of *Stacy* (252 Md. at 236, 249 A.2d at 454):

---

**5.** *Hutzell* also indicated that if the case before it were viewed as presenting a tort conflict of laws issue, rather than a conflict between divergent worker's compensation laws, the principle of *lex loci delicti* would dictate application of Maryland law. 252 Md. at 233, 249 A.2d at 452. Nevertheless, the Court's initial reliance on Maryland public policy and the concern for those injured in Maryland was prior to, and separate from, the discussion of *lex loci delicti. See* the discussion of *Hutzell* in *Hauch v. Connor,* 295 Md. 120, 132–133, 453 A.2d 1207 (1983).

"[W]hereas the New Jersey Court found that it was not obnoxious to the public policy of that state to apply ... the New York statute making the co-employee immune from suit, we are unable to make a similar finding with regard to the Virginia statute and the public policy of Maryland."

*Hauch v. Connor, supra,* involved an accident that took place in Delaware. The plaintiffs and the defendant were all residents of Maryland and were all regularly employed in Maryland by the same corporation. While driving through Delaware in the course of their employment, the parties were involved in a collision. The plaintiffs applied for and received benefits under Maryland's worker's compensation law. The plaintiffs then brought a personal injury action in Maryland against their co-worker who had been driving at the time of the accident. The trial court, using tort choice of law principles, applied Delaware's Workmen's Compensation Act to bar the fellow employee suits and granted summary judgment to the defendants. The Court of Special Appeals reversed, and this Court affirmed the intermediate appellate court.

The *Hauch* opinion first made clear that the choice of law principles, relevant to whether a co-employee suit was allowable, were not those of tort law but those of worker's compensation law. We next indicated in *Hauch* that the choice of law decision regarding the applicable worker's compensation law requires a determination of which jurisdiction has the greater interests at stake. The Court concluded that "[i]n the instant case, although the injury did not occur in Maryland, there are greater Maryland interests." 295 Md. at 133, 453 A.2d at 1214. In weighing those interests, the Court in *Hauch* balanced the interest of Delaware in a suit arising from an accident that took place within its borders against the various interests of Maryland: (1) Maryland's public policy was to allow fellow employee suits; (2) the parties were Maryland residents; (3) the parties were normally employed in Maryland; and (4) all the

parties applied for and received benefits under Maryland's Workmen's Compensation Act.

■ The present case calls for the balancing of the various factors enumerated in *Hutzell* and *Hauch*. In our view, the Maryland interests are greater than those of Delaware, and thus Maryland law should apply.

The most important factor weighing in favor of applying Maryland law is the public policy of Maryland, the forum state, permitting fellow employee actions. This was the decisive factor discussed in *Hutzell*. Moreover, we stated in *Hauch* (295 Md. at 133, 453 A.2d at 1214):

"With regard to the threshold matter of whether the court is open to a particular litigant, obviously the policy of the forum state is extremely important. In this respect, the bar or absence thereof in a state's workmen's compensation statute is somewhat analogous to the bar of a state's statute of limitations. The latter matter, of course, is controlled by the law of the forum."

While very important, the public policy of the forum state is not itself dispositive. Other factors in the present case favoring application of Maryland law are that the injury occurred in Maryland, the defendant was a resident of Maryland, and the defendant's primary place of employment is Maryland.[6]

The primary factor weighing in favor of applying Delaware law is that Hercules, the employer of both the plaintiff and defendant, is headquartered in Delaware. Nevertheless, Hercules apparently engages in substantial business actively in Maryland. The other asserted Delaware interests are at best questionable. In her brief, Twiford asserted that Delaware was Bishop's primary place of employment. At oral argument, however, Twiford's counsel stated

---

**6.** The residence of the plaintiff, being Pennsylvania, is a neutral factor with regard to applying Maryland or Delaware worker's compensation law.

that Bishop worked in Delaware more than in any other single state but conceded that he spent a majority of his working days in other states along the eastern seaboard, including Maryland. Moreover, the situs of the employment relationship involved in the present case, *i.e.*, Bishop's supervision of Twiford in the latter's work, was largely Maryland.

The only other factor arguably favoring application of Delaware law is that, in the words of the certification order, "[i]n keeping with its duties under the Delaware workmen's compensation statute ... Hercules later paid for the medical expenses arising out of Bishop's injuries." This factor's significance is lessened, however, because Hercules may have had as much duty to pay for Bishop's medical expenses under Maryland's Workmen's Compensation Act as under Delaware's. It appears in this case that Maryland was a part of the territory which Bishop supervised and to which he routinely traveled for his work. The record is not sufficient for us to determine whether the injury would have been exempt from the Maryland Workmen's Compensation Act under the provisions of Art. 101, § 21(c)(4).[7] In any event, we believe that the significance of the employer's paying benefits "in keeping with ... the Delaware workmen's compensation statute" is minimal.

In light of Maryland's public policy, the occurrence of the injury in Maryland, the residence of the parties, the defendant's being principally employed in Maryland, and the plaintiff's being her supervisor for that employment, we conclude that Maryland's worker's compensation law, rather than Delaware's statute, is determinative.

CERTIFIED QUESTION ANSWERED AS HEREIN SET FORTH. COSTS IN THIS COURT TO BE EVENLY DIVIDED.

---

7. *See* note 3, *supra.*