709 A.2d 1294

Candace POWELL et al.

v.

Edith B. ERB et al.

Misc. No. 39, Sept. Term, 1997.

Court of Appeals of Maryland.

May 22, 1998.

Robert R. Michael (Shadoan & Michael, L.L.P., Rockville, Richard E. Genter, Philadelphia, PA, Phillip L. Feliciano, Kensington), all on brief, for appellants.

Kathryn A. Ledig (Matthew D. Banks, Tigert & Ledig, on brief), Fairfax, VA, for appellees.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, RAKER, WILNER and CATHELL JJ.

BELL, Chief Judge.

Pursuant to the Maryland Uniform Certification of Questions of Law Act, Maryland Code (1974,1989 Repl.Vol.), §§ 12–601 to 12–609 of the Courts and Judicial Proceedings Article, the United States District Court for the District of Maryland has certified to this Court a question concerning the scope of our holding in *Hauch v. Connor*, 295 Md. 120, 453 A.2d 1207 (1983). Presented in that case was a choice of law question, "whether Maryland residents, who sustained injuries in an automobile accident in Delaware while temporarily there in furtherance of their employer's business, and who claimed no benefits under the Delaware workmen's compensation law, may maintain in Maryland courts a personal injury action against the co-employee who operated the employer's automobile in which the plaintiffs were passengers." *Id.* at 121, 453 A.2d at 1208. We answered the question in the affirmative. Faced with the situation in which Maryland permitted an employee injured because of the negligence of a fellow employee, to bring a personal injury action against that co-employee where Delaware did not,[1] the Court made clear that

---

1. Then, *see* Maryland Code (1957, 1975 ) Art. 101, § 58; *Hauch v. Connor*, 295 Md. 120, 121, 453 A.2d 1207, 1208 (1983); *Leonard v. Sav-A–Stop Services*, 289 Md. 204, 208, 424 A.2d 336, 337 (1981); *Hutzell v. Boyer*, 252 Md. 227, 232, 249 A.2d 449, 452 (1969), as now, *see* Maryland Code (1991) § 9–901 of the Labor and Employment Article; *Hastings, et ux. v. Mechalske*, 336 Md. 663, 673, 650 A.2d 274, 279 (1994), the Maryland Workers' Compensation Act permitted an employee who suffered a compensable injury because of the negligence of a co-

the relevant choice of law principles were those of workers' compensation law, rather than tort law, and that the choice of law decision turned on the determination of which jurisdiction had the greater interest. *Id.* at 133, 453 A.2d at 1214. Accordingly, the certified question seeks to determine whether the legal analysis applied in *Hauch* is equally applicable in wrongful death actions.[2]

## I

The litigation in the federal court arose out of an airplane crash in Pennsylvania. Frederick G. Erb, a pilot for K & L Microwave, Inc., ("K & L") a company based in Salisbury, Maryland, piloted a private airplane belonging to that company's parent corporation. On March 18, 1994, the plane, a Piper Aerostar 601P, departed from the Salisbury Airport in Maryland, where it was regularly hangered and routinely kept for the business use of K & L, on a scheduled trip to a

_____

employee to sue that co-employee in respect of that injury. The Delaware Act prohibited such actions, *see Groves v. Marvel,* 213 A.2d 853, 855 (Del.1965), and it still does. *See Young v. O.A. Newton,* 477 A.2d 1071 (Del.Super.1984); *Farrall v. Armstrong Cork Co.,* 457 A.2d 763 (Del.Super.1983)

**2.** The United States District Court also certified another question for our consideration, namely: "If the *Hauch* balancing and interest analysis test does apply, what weight, if any, should be ascribed to the various factors in this case and especially to the following facts: (i) the defendant resided in Pennsylvania; (ii) the accident occurred in Pennsylvania, and (iii) the Pennsylvania Workers' Compensation Act, Pa. Stat., Ann. tit. 77, Section 1 et seq. (West 1992) prohibits fellow servant suits?" This question applies, in any event, to the claims brought by Cooper for personal injury and loss of consortium, as they fall squarely within the *Hauch v. Connor,* 295 Md. 120, 453 A.2d 1207 (1983) analysis. What the question seeks is this Court's application of the *Hauch* balancing and interest analysis test. We answered a similar question, except that Delaware law was implicated, in *Bishop v. Twiford,* 317 Md. 170, 176–77, 562 A.2d 1238, 1241 (1989). As in *Hauch,* we stressed Maryland's public policy, as the forum state, in allowing co-employee actions. *Id.* at 176, 562 A.2d at 1241. Since what is required is the application of the test that we hold is dispositive, it is more appropriate that it be done by the federal court after trial and on its own findings of fact and independent determinations. We are satisfied that *Hauch* and *Twiford* provide the necessary and adequate guidance.

temporary work site in Pennsylvania. John Powell, Sr. and James Cooper, also employees of K & L, were passengers. The plane landed at the Airport in Pottstown, Pennsylvania uneventfully; however, the plane crashed while attempting a take off from that Airport, in bad weather, for the return to Maryland, apparently the result of ice adhering to one or both of the wings of the plane. Erb and Powell were killed. Cooper was seriously injured, but he survived the crash.

Powell is survived by a wife and two children who, along with Powell's estate, filed a wrongful death action in the United States District Court for the District of Maryland, against Erb's estate, K & L and its parent corporation. Cooper and his wife sued the same parties for personal injury. Central to both cases were allegations that Erb's negligence was the cause of the injuries suffered, the death of Powell and the serious personal injuries suffered by Cooper. The cases were consolidated for trial. Pursuant to the plaintiffs' Joint Motion for Determination of Applicability of Maryland Law, opposed by the defendants, the District Court signed the Certification Order forwarding the certified questions presently being considered by this Court.

At the time of his death, Powell was a resident of the State of Maryland. So, too, were, and are, his wife and children. Although they initially applied for benefits from the Pennsylvania State Workers' Compensation Commission, they withdrew that application and subsequently applied for and received Maryland State Workers' Compensation benefits. On the date of the airplane crash, Cooper and his wife were residents of the State of Delaware; however, Cooper daily reported to work at K & L's office in Salisbury, Maryland. Like Powell's survivors, Cooper applied for and received Maryland workers' compensation benefits. Erb, although a resident of Pennsylvania, lived in an apartment in Maryland during the week, paid for by K & L and used by other K & L pilots. In addition, Erb maintained a local phone listing for the apartment and commuted to his home in Pennsylvania on the weekends.

As we have seen, the flight originated in Maryland. Moreover, the preparation for the round trip flight occurred in Maryland. And, of course, the home base for the airplane that crashed was the Salisbury Airport, also in Maryland.

## II

As indicated the question certified to this Court requires that we revisit the analysis in *Hauch* with a view towards determining whether it is applicable in wrongful death cases. In that case, during the relevant period, all of the parties, the two plaintiffs and the defendant, were employees of the Hertz Corporation, an automobile rental company. Not only was each of them a resident of the State of Maryland, but the regular place of employment for each of them was also Maryland. Maryland was also the place where their employment contracts were executed. The issue in that case arose when the parties were injured in an accident that occurred in Delaware. They were in Delaware on company business, in a company owned car, when the collision with another car took place. The passengers in the car applied for and received workers' compensation under the Maryland law. They also brought a personal injury action in Maryland against their co-worker who was the driver at the time of the accident, alleging negligence in the operation of the automobile.

The defendant filed a motion for summary judgment, arguing that the Delaware workers' compensation act applied to bar the plaintiffs' action against him, their co-employee. In response, the plaintiffs maintained that Maryland's act applied. The trial court granted the defendant's motion for summary judgment. It treated the matter as a question of tort choice of law and, thus, applied the doctrine of *lex loci delicti.*

Acknowledging that the issue of which of two states' compensation laws applies when the co-employee action is brought in one state and the act causing the injury occurred in another, the Court nevertheless pointed out that, in co-employee actions, the choice of law question is not simply a matter of tort conflict of laws, "Maryland public policy [being]

an important consideration." *Id.* at 132, 453 A.2d at 1213–14, citing *Hutzell v. Boyer*, 252 Md. 227, 249 A.2d 449 (1969). At issue in *Hutzell* was the applicability of the Maryland workers' compensation law to a co-employee action filed in Maryland in respect to an accident occurring in Maryland and involving Maryland residents, employed, however, in Virginia and the accident occurred as the co-employees were returning home from their job site in Virginia. Virginia's workers' compensation law, contrary to Maryland's, barred co-employee suits. Discussing *Hutzell*, this Court pointed out that the reference to the rule of *lex loci delicti* did not represent the principal basis of the decision. Rather, the Court explained:

> "As pointed out by the Court of Special Appeals in the present case, [*Connor v. Hauch*, 50 Md.App. 217, 223, 437 A.2d 661, 664 (1981)] and by Professor Larson, [4 A. Larson, Workmen's Compensation Law, § 88.22, 16–149 (1982)] the principal basis for the decision in *Hutzell* was Maryland public policy. In that case, the defendant argued that the Maryland allowance of co-employee suits did not represent 'a formulated or defined public policy against granting immunity to fellow employees from tort action, as provided in the Virginia statute,'.... This Court's response was that the defendant's 'argument has not persuaded us.' The Court expressly disagreed with the New Jersey case of *Stacy v. Greenberg*, 9 N.J. 390, 88 A.2d 619 (1952), which had attached little importance to the policy of the forum state in allowing co-employee suits. The *Hutzell* opinion stated that 'we are unable to make a similar finding with regard to ... the public policy of Maryland.' "

*Hauch*, 295 Md. at 132–33, 453 A.2d at 1214 (footnotes and citations omitted).

Having established the applicability and importance of public policy to the decision in *Hutzell*, we recognized that resolution of the choice of law issue would determine "whether the court is open to a particular litigant," a threshold inquiry. *Id.* at 133, 453 A.2d at 1214. With respect to that inquiry, we said, "the policy of the forum state is extremely important," and we analogized the presence or absence of a bar in the

state's workers' compensation law to a state's statute of limitations, which also "is controlled by the law of the forum." *Id.*

Noting that, on public policy grounds, specifically with respect to its workers' compensation law, a co-employee suit has been allowed in Maryland even though the place of employment was in another state, the Court concluded that the Maryland workers' compensation law also should resolve the threshold question in that case. It explained:

"In the instant case, although the injury did not occur in Maryland, there are greater Maryland interests. Here, in addition to the parties being Maryland residents, their normal place of employment is in Maryland with the Hertz Corporation. Moreover, the plaintiffs and the defendant made claims for and received benefits under the Maryland Workmen's Compensation Act."

*Id.* at 133–34, 453 A.2d at 1214.

## III

The defendants argue that the *Hauch* analysis does not apply to the case *sub judice.* They reason, first, that *Hauch* was a personal injury case, while wrongful death is the subject of this one and, second, the Maryland wrongful death statute, Maryland Code (1974, 1995 Repl.Vol.) § 3–903 of the Courts and Judicial Proceedings Article,[3] itself prescribes the choice of law to be applied when the wrongful death which is the subject of the Maryland case occurred outside the State. That section, they point out, requires the court to apply the substantive law of the state where the incident occurred, in this case, Pennsylvania. The defendants contend that the

---

**3.** " § 3–903. When wrongful act occurs outside of Maryland.

(a) Application of substantive law of another state. If the wrongful act occurred in another state, the District of Columbia, or a territory of the United States, a Maryland court shall apply the substantive law of that jurisdiction.

(b)Maryland court to apply own rules of pleading and procedure.Notwithstanding the fact that the wrongful act occurred in another jurisdiction, a Maryland court in which the action is pending shall apply its own rules of pleading and procedure."

right to bring an action against a co-employee is a matter of substantive law and, since the Pennsylvania workers' compensation law prohibits co-employee actions, *see* 77 P.S. § 72 of the Pennsylvania Workers' Compensation Act; *Apple v. Reichert,* 443 Pa. 289, 278 A.2d 482 (1971); *Ducjai v. Dennis,* 431 Pa.Super. 366, 636 A.2d 1130 (1994); *Fern v. Ussler,* 428 Pa.Super. 210, 630 A.2d 896 (1993), there is no need to probe further into the choice of law provisions of Maryland's workers' compensation law, nor to look to Maryland public policy and its interest balancing test.[4]

The plaintiffs take the contrary position, arguing the *Hauch* analysis is fully applicable to wrongful death cases, there being no basis to distinguish such cases from personal injury cases in the workers' compensation context. Also, the plaintiffs argue that the rationale supporting application of workers' compensation conflict of law principles in personal injury actions is equally applicable to cases involving wrongful death. Moreover, they continue, workers' compensation law conflict issues present distinct policy questions, distinct from tort or contract matters for choice of law purposes; thus, those matters ought to be treated differently. Furthermore, the plaintiffs maintain that the Maryland Wrongful Death statute does not address the threshold issue of a co-employees right to sue a fellow employee under applicable workers' compensation statutes and, in any event, must be read in *para materia* with Maryland's workers' compensation law.

## IV

The Maryland Workers' Compensation Act provides for compensation not simply for personal injury suffered by a "covered employee," as the result of an accidental personal

---

4. The defendants argue, specifically, in that regard that in deciding the personal injury tort cases like *Hauch, Hutzell,* and *Bishop,* this Court did not have the benefit of a statute which mandated which state's law to apply; each of those cases were decided under common law workers' compensation choice of law rules because there were no statutory guidelines. For this reason, they submit, *Hauch, Hutzell* and *Bishop* do not provide guidance with respect to a wrongful death claim brought pursuant to the Maryland Wrongful Death Act.

injury, but also for the dependents of a covered employee when death is the result. A "covered employee" is an individual listed in Title 9, Subtitle 2 of the Labor and Employment Article, for whom an employer[5] is required by law to provide coverage. § 9–101(f). Generally, coverage is required to be provided when "an individual, including a minor, . . . [is] in the service of an employer under an express or implied contract of apprenticeship or hire." § 9–202(a). And, pursuant to § 9–501, "Accidental Personal injury":

"(a) . . . Except as otherwise provided, each employer of a covered employee shall provide compensation in accordance with this title to:

(1) the covered employee for an accidental personal injury sustained by the covered employee; or

(2) the dependents of the covered employee for death of the covered employee:

(i) resulting from an accidental personal injury sustained by the covered employee; and

(ii) occurring within 7 years after the date of the accidental personal injury.

(b) . . . An employer is liable to provide compensation in accordance with subsection (a) of this section, regardless of fault as to a cause of the accidental personal injury."

*See also* § 9–678, which provides:

"A dependent of a covered employee who is entitled to compensation for the death of the covered employee resulting from an accidental personal injury or occupational disease shall be paid compensation in accordance with this Part XII of this subtitle."

The referenced "accidental personal injury" means " (1) an accidental injury that arises out of and in the course of employment; and (2) an injury caused by a willful or negligent act of a third person directed against a covered employee in the course of the employment of the covered employee." *See* § 9–101(a).

---

**5.** "Employer" is defined, in § 9–201, as a person, a governmental unit, or a quasi-public corporation having at least 1 covered employee.

Section 9–901, "Choice of proceeding against third party or employer," is the provision that is critical to the question whether one co-employee may sue another co-employee for negligence in causing the injury for which compensation is payable.  It provides:

"When a person other than an employer [6] is liable for the injury or death of a covered employee for which compensation is payable under this title, the covered employee or, in the case of death, the personal representative or dependents of the covered employee may:

(1) file a claim for compensation against the employer under this title;  or

(2) bring an action for damages against the person liable for the injury or death or, in the case of joint tort feasors, against each joint tort feasor."

*See also* § 9–902(c),[7] which gives the insurer the exclusive right for 2 months to proceed against the third party for claims for both personal injury and for death.

As we have seen, § 9–903(a)[8] has been interpreted as permitting co-employee suits.  *See Athas v. Hill,* 300 Md. 133,

---

**6.**  This Court has made clear that a co-employee ordinarily is not the employer.  Although "[l]ogically, the term 'coemployees' includes supervisors and corporate officers as well as fellow employees with similar rank," only such employees who are performing the nondelegable duty to provide a safe place to work which the employer owes the employees have been equated with the employer and, so, been held to be entitled to the employer's immunity from suit.  *Athas v. Hill,* 300 Md. 133, 148, 476 A.2d 710, 718 (1984).

**7.**  " § 9–902.  Action against third party after award or payment of compensation.

\* \* \* \*

(c) If the self-insured employer, insurer, Subsequent Injury Fund, or Uninsured Employers' Fund does not bring an action against the third party within 2 months after the Commission makes an award, the covered employee or, in case of death, the dependents of the covered employee may bring an action for damages against the third party."

**8.**  Section 9–903(a) is the successor to the Maryland Code (1957, 1995 Repl. Vol) Article 101, § 58.

137, 476 A.2d 710, 712 (1984); *Leonard v. Sav–A–Stop* Servs, 289 Md. 204, 208, 424 A.2d 336, 337 (1981); *Gray v. State Rds. Comm'n,* 253 Md. 421, 424–425, 252 A.2d 810, 812 (1969). More significant, however, is the fact that this provision, like those just rehearsed, also speaks of actions for both personal injury and death. There does not appear to be any principled basis on which to distinguish personal injury and wrongful death cases under the *Hauch* analysis. In that case, this Court was concerned with the determination of the rights of litigants under the different workers' compensation laws of two states. We resolved the issue by looking to the public policy of the forum state and weighing its interest against that of the state in which the wrongful act occurred. That the injury in this case resulted in death and personal injury was involved in *Hauch* simply does not affect the analysis.

## V

The Maryland Wrongful Death Act does not, by its terms, directly or explicitly, address wrongful death in the workers' compensation context. Nor does it purport to deal with what *Hauch* denominated a threshold issue, "whether the court is open to a particular litigant." Indeed, all CJ § 3–903(a), the applicable provision, provides is that Maryland courts apply the substantive tort law of the state in which the wrongful act, i.e. "... an act, neglect, or default including a felonious act which would have entitled the party injured to maintain an action and recover damages if death had not ensued," *see* CJ § 3–901(e), occurred. *See Hauch,* 295 Md. at 123, 453 A.2d at 1209. Consequently, so construed, it conflicts with neither the *Hauch* analysis nor the interpretation this Court has given § 9–903.

On the contrary, it is well settled that there is nothing in conflict between the Workers' Compensation Act and the Wrongful Death Act. They both unquestionably deal with recovery for injuries resulting in death. *McKeon v. State for Use of Conrad,* 211 Md. 437, 445, 127 A.2d 635, 639 (1956). The two acts are in *pari materia* and must be construed

together. *Knoche v. Cox,* 282 Md. 447, 458, 385 A.2d 1179, 1184 (1978); *State v. Sherman,* 234 Md. 179, 184, 198 A.2d 71, 73 (1964); *Taylor v. State, Use of Mears,* 233 Md. 406, 407–413, 197 A.2d 116, 116–119 (1964); *Storrs et al. v. Mech et al.,* 166 Md. 124, 129, 170 A. 743, 745 (1934). In fact, to interpret CJ § 3–903 as the defendants advocate would render meaningless that portion of § 9–903 addressing wrongful death actions whenever the act causing the death occurs in another state. The canons of statutory construction counsel against such interpretations. *Fraternal Order of Police, Montgomery County Lodge No. 35 v. Mehrling,* 343 Md. 155, 180–81, 680 A.2d 1052, 1065 (1996) ("Nor should we interpret a statutory scheme so as to render any part of it meaningless or nugatory."). *See Prince George's County v. Vieira,* 340 Md. 651, 658, 667 A.2d 898, 901 (1995) (quoting *GEICO v. Insurance Comm'r,* 332 Md. 124, 132, 630 A.2d 713, 714 (1993)).

The defendants point out that the United States District Court for the District of Maryland, in *Wilson v. Fraser,* 353 F.Supp. 1, 3–4 (D.Md.1973), reached the contrary result, relying on the Maryland Wrongful Death Statute and its express requirement that the substantive law of the place of death govern. The court was not persuaded by the argument, premised on *Hutzell,* that Maryland would reject the Virginia bar against co-employee suits "as being contrary to the State's public policy." *Id.* at 3. It read *Hutzell* as "holding only that where the accident occurred in Maryland a claim for injuries sustained could not be defeated by the fact that the injured workman was covered by the workmen's compensation law of another state which would have barred the claim had it been brought in the other state." *Id.* at 3–4. The public policy to which the court responded was that reflected in the Wrongful Death Statute. It was also persuaded by *Harford Mutual v. Bruchey,* 248 Md. 669, 238 A.2d 115 (1968) and *White v. King,* 244 Md. 348, 223 A.2d 763 (1966), both *lex loci delecti* cases, that this Court would not reach a contrary result. *Id.* at 3.

The *Hauch* Court commented on the federal court's holding, but declined, because not presented, "to decide

whether the choice of law provision of the wrongful death act extends beyond substantive tort issues and encompasses the question of entitlement to bring an action in light of workmen's compensation law." 295 Md. at 131, n. 7, 453 A.2d at 1213, n. 7. Nor did we have an occasion to address the issue in *Twiford,* in which, again, only personal injuries were involved. That issue is now squarely before us and we expressly reject the *Wilson* analysis, reaffirming, as we have seen, that applied in *Hauch.* When there is a conflict between the workers' compensation laws of two states, the Wrongful Death statute is not dispositive.

CERTIFIED QUESTION ANSWERED AS HEREIN SET FORTH. COSTS IN THIS COURT TO BE EVENLY DIVIDED.