**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLYDE W. BANKS; MARGARET L.
BANKS,
Plaintiffs-Appellants,

v.

VIRGINIA ELECTRIC & POWER

No. 99-1392

COMPANY, a Corporation of the
Commonwealth of Virginia,
licensed to do business in the State
of Maryland,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams Jr., District Judge.
(CA-98-3585-AW)

Argued: December 2, 1999

Decided: February 17, 2000

Before TRAXLER and KING, Circuit Judges, and
Margaret B. SEYMOUR, United States District Judge
for the District of South Carolina,
sitting by designation.

_____

Affirmed by unpublished opinion. Judge Traxler wrote the majority
opinion, in which Judge Seymour joined. Judge King wrote a dissent-
ing opinion.

_____

**COUNSEL**

**ARGUED:** Robert C. McDonald, HERMANN, SILVERMAN & MCDONALD, Wilmington, Delaware, for Appellants. Earle Duncan Getchell, Jr., MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellee. **ON BRIEF:** Barbara J. Gadbois, HERMANN, SILVERMAN & MCDONALD, Wilmington, Delaware, for Appellants. Elizabeth Butterworth-Stutts, Joseph M. English, IV, MCGUIRE, WOODS, BATTLE & BOOTHE, L.L.P., Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

TRAXLER, Circuit Judge:

Plaintiffs Clyde W. Banks ("Banks") and Margaret L. Banks appeal the district court's dismissal of their action against Virginia Electric & Power Company ("Virginia Power") under Federal Rule of Civil Procedure 12(b)(1). The district court concluded that Banks was the statutory employee of Virginia Power and, therefore, that Banks' exclusive remedy was for workers' compensation benefits. We affirm.

I.

Defendant Virginia Power is a Virginia public service corporation that produces, distributes, and sells electrical service. In September 1996, Hurricane Fran hit the Commonwealth of Virginia, resulting in fallen trees and limbs damaging Virginia Power's lines and interrupting electrical service. Pursuant to an existing contract between Asplundh Expert Tree Company ("Asplundh") and Virginia Power, Asplundh work crews from the state of Maryland traveled to Virginia to assist in cleaning up the fallen trees and limbs so that power could be restored to the affected areas.

2

At the time, plaintiff Banks, a resident of Delaware, was employed by Asplundh as a supervisor of tree trimming crews. Although Banks primarily worked in the state of Maryland, his crew was assigned to work in Virginia pursuant to the Asplundh-Virginia Power contract. Around midnight on September 10, while Banks and his crew were removing tree limbs from a Virginia Power distribution line in Clover, Virginia, the power line became re energized and Banks received a severe electrical shock. Banks sought and received workers' compensation benefits for his injuries from Asplundh pursuant to the Maryland workers' compensation laws. At the time, however, Virginia Power was self-insured for workers' compensation benefits and, had Asplundh failed to provide such benefits, Virginia Power would have been liable under Virginia law to pay workers' compensation benefits to Banks.

Asserting that the power line was either negligently or intentionally re-energized by Virginia Power employees, Banks and his wife instituted this action against Virginia Power in the state circuit court for Prince George's County, Maryland, for negligence, gross negligence and loss of consortium. Pursuant to 28 U.S.C.A.§§ 1332(a) (West 1993 & Supp. 1998) and 28 U.S.C.A. § 1446 (West 1994 & Supp. 1998), Virginia Power removed the action to the federal district court in Maryland on the basis of diversity of citizenship.

Virginia Power then filed a motion to dismiss the action, pursuant to Rule 12(b)(1), asserting that the court lacked subject matter jurisdiction because Virginia Power was Banks' statutory employer at the time of his accident and, therefore, that Banks' exclusive remedy under Virginia law was for workers' compensation benefits. See Va. Code Ann. §§ 65.2-307 (Michie Supp. 1999), 65.2-700 (Michie 1995). The district court agreed, and dismissed the action. We affirm.

II.

A.

We begin with Banks' contention that the district court erred in dismissing the case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because the case had already been properly removed on the basis of diversity of citizenship. Basically,

3

Banks asserts that because the parties were diverse and the jurisdictional minimum was met, Virginia Power could only have moved to dismiss the action on the basis of Federal Rule of Civil Procedure 12(b)(6). Apparently, Banks believes that he would have had a better chance of prevailing on a motion under this latter rule because the inquiry would have been limited to the complaint allegations.

We find this position untenable. Based upon the complaint allegations, the district court had original jurisdiction over this matter by virtue of the diverse nature of the parties and the jurisdictional amount, see 28 U.S.C.A. § 1332(a), and the case was properly removed, see 28 U.S.C.A. § 1441(a). This does not, however, determine the question of whether the district court lacked subject matter jurisdiction over the state causes of action because Banks was acting as a statutory employee of Virginia Power when he was injured. And, of course, Virginia Power's removal cannot forever bar it from raising a subject matter jurisdiction defense, which can be raised at any time. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999).

Nor are we persuaded that Rule 12(b)(1) is otherwise an improper vehicle for raising the issue before the district court. Indeed, we recently affirmed a district court's dismissal of a tort action, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), because the plaintiff was the statutory employee of the defendant and, therefore, limited to an action for workers' compensation benefits before the state's workers' compensation tribunal. See Evans v. B.F. Perkins Co., 166 F.3d 642, 647-50 (4th Cir. 1999). In that case, we specified our standard of review as follows:

> The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id.  The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

4

> A district court's dismissal of a case for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is subject to <u>de novo</u> review.

<u>Evans</u>, 166 F.3d at 647.

In summary, we find no merit to plaintiff's contention that the district court improperly utilized Rule 12(b)(1) to dismiss his action. There is no dispute as to the underlying jurisdictional facts, only as to whether Maryland law or Virginia law should decide the question of whether Banks, when he was injured, was acting as a statutory employee of Virginia Power. Accordingly, we now turn to this ultimate question.

B.

1.

Although a resident of Delaware and primarily employed in the state of Maryland, Banks was injured in the Commonwealth of Virginia. The Maryland district court, applying Virginia law, dismissed Banks' action against Virginia Power because in the Commonwealth of Virginia, an employee's exclusive remedy against his employer for an on-the-job injury is one for workers' compensation benefits:

> The rights and remedies herein granted to an employee when his employer and he have accepted the provisions of this title respectively to pay and accept compensation on account of injury or death by accident <u>shall exclude all other rights and remedies</u> of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death.

Va. Code Ann. § 65.2-307(A) (emphasis added).

The benefits of this exclusive remedy provision also run to an employee's "statutory employer," who, under certain circumstances, may be held liable for workers' compensation benefits under Virginia law:

5

> When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, <u>the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him</u>.

Va. Code Ann. § 65.2-302(A) (Michie Supp. 1999). In return for this potential liability, the exclusive remedy provisions of § 65.2-307 extend to the statutory employer, regardless of whether the immediate employer can pay or has paid workers' compensation benefits to the employee. <u>See Sykes v. Stone & Webster Eng'g Co.</u>, 41 S.E.2d 469 (Va. 1947).

If Virginia law is applicable to Banks' action, Banks' was the statutory employee of Virginia Power at the time of his accident and, therefore, his action against Virginia Power would indeed be barred by the exclusive remedy provision of the Virginia Workers' Compensation Act. Thus, we turn to Banks' contention that Maryland law, instead of Virginia law, governs resolution of his status in this regard. If so, Banks asserts, Maryland law would not bar his claims.

2.

"[A] federal court sitting in diversity jurisdiction must apply the choice-of-law rules of the forum state." <u>Motor Club of Am. Ins. Co. v. Hanifi</u>, 145 F.3d 170, 177 (4th Cir.), <u>cert. denied</u>, 119 S.Ct. 509 (1998). As a general rule, Maryland follows the rule of <u>lex loci delicti</u>. <u>See Hauch v. Connor</u>, 453 A.2d 1207, 1210 (Md. 1983). In <u>Hauch</u>, however, the Maryland Court of Appeals carved out a narrow exception to this traditional rule in cases where an employee brings suit against his co-employee for injuries sustained in another jurisdiction.

Specifically, <u>Hauch</u> involved a tort action brought by a Maryland resident against his co-employee, also a Maryland resident, for an accident which happened to occur during a trip into Delaware. Under

6

the workers' compensation laws of Delaware, such a suit between co-employees was barred, while Maryland law would permit it. Noting the "distinct policy questions" presented by such cases, the Maryland Court of Appeals rejected application of the traditional rule of <u>lex loci delicti</u> in favor of a "greater interest" test and, after determining that Maryland had the greater interest in the case before it, allowed the suit to proceed. <u>Id.</u> at 1214.

This case does not involve a co-employee suit. However, <u>Hauch</u> is instructive by virtue of the distinction the Maryland Court of Appeals drew between co-employee lawsuits and lawsuits, such as the one before us, which are brought by an employee against a statutory employer:

> Suits by employees against their immediate employers for injuries arising out of and in the course of employment are now barred by virtually all workmen's compensation statutes in this country. Nevertheless, "because of the varying rules as to the availability of the exclusive-remedy defense to the statutory employer," choice of law issues arise with respect to suits against statutory employers. In these suits, it is generally held that <u>the forum state will enforce a bar created by the exclusive remedy statute of any state in which the employer may be liable for workmen's compensation benefits</u>.

<u>Id.</u> at 1211 (internal citation omitted) (emphasis added). Having recognized this virtually unanimous rule, and noting no exception to it, the court went on to recognize the policy considerations which warrant the distinction:

> Although the outcome in some of these cases is the same as it would be if the rule of <u>lex loci delicti</u> were applied, the underlying rationale in holding the employer immune is different. <u>The rationale is that the employer has undertaken the burden of supplying workmen's compensation insurance in return for immunity from suit. . . . The rationale for precluding employee-employer suits, however, does not apply in actions by employees against fellow employees</u>.

7

Id. at 1211-12 (internal citations omitted) (emphasis added). Simply stated, the Maryland court recognized that policy counsels in favor of according statutory employers the benefit of the jurisdictional bar in suits against them because, unlike in the case of co-employees, the statutory employer is also subject to the burden of liability for workers' compensation benefits to the injured employee in the other jurisdiction.[1]

The language in Hauch seems clear to us, and its rationale is sound. Under Maryland choice-of-law principles, a tort action by an employee against his co-employee for injuries occurring during the employment may not be barred pursuant to another jurisdiction's workers' compensation laws if Maryland has a greater interest in the lawsuit.[2] But a suit by a statutory employee against a statutory employer will be barred pursuant to another jurisdiction's workers' compensation laws if the statutory employer could also be held liable for workers' compensation benefits to the employee in the other jurisdiction. Accordingly, we agree with the district court's conclusion that Maryland state courts would enforce Virginia's exclusive remedy bar in this case.

_____

[1] Banks has offered an alternative argument that Hauch's rationale for distinguishing statutory employer suits from co-employee suits is not applicable in this case because Virginia Power did not procure "workers' compensation insurance" and, instead, is self-insured. Obviously, this proffered distinction is meaningless. Under the Virginia Workers' Compensation Act, an employer is required to insure his liability either through self-insurance, achieved by meeting the solvency and other requirements necessary to obtain certification to self-insure from the Virginia Workers' Compensation Commission, or through "an insurer authorized to transact the business of workers' compensation insurance in th[e] Commonwealth." Va. Code Ann. § 65.2-801(A) (Michie Supp. 1999). Because a statutory employer has a duty to insure the payment of workers' compensation, either through commercial insurance or self-insurance, he is immune from a suit in tort.

[2] Banks reliance upon the later cases of Bishop v. Twiford, 562 A.2d 1238 (Md. 1989), and Powell v. Erb, 709 A.2d 1294 (Md. 1998), adds nothing to his argument. Both were similarly concerned solely with suits between co-employees, not suits against statutory employers.

8

In so holding, we obviously disagree with the assertion that the general rule of applying another state's jurisdictional bar has no application simply because the statutory employer has contractually required the subcontractor to obtain and maintain its own workers compensation policy. First, it is unlikely that a statutory employer could ever shift the entire risk of liability to a subcontractor, which can become insolvent and/or uninsured at any time. And just as the actual payment of workers' compensation benefits is not a condition precedent to a statutory employer gaining the benefit of an exclusive remedy provision, attempts on the part of a statutory employer to reduce its risk as a means of escaping workers' compensation liability have been rejected. See Commercial Union Ins. Co. v. Harleysville Mut. Ins. Co., 675 A.2d 1059, 1067 (Md. Ct. Spec. App. 1996).

In Commercial Union, the Maryland court, presented with a similar, albeit "flip-side," claim, rejected a principal contractor's assertion that it was entitled to escape workers' compensation liability to an injured subcontractor's employee because the principal contractor had requested a certificate of insurance from the subcontractor showing that the subcontractor had obtained a workers' compensation insurance policy. The subcontractor had obtained workers' compensation insurance, but limited it to coverage within Virginia, and the accident occurred on a work site in Maryland. The court, while "empathiz[ing] with the plight of [the] general contractor in this situation," held that the insurer for the statutory employer was nonetheless liable for workers' compensation benefits, noting that "we need not detain ourselves long in resolving this question because neither the language of the statute itself, nor caselaw interpreting it, creates an escape hatch based upon commercially reasonable behavior by a statutory employer." Id. at 1067; see also Para v. Richards Group of Washington Ltd. Partnership, 661 A.2d 737, 746-47 (Md. 1995) (holding statutory employer, who had contractually required subcontractor to maintain workers' compensation insurance covering its own employees and naming the statutory employer as an insured, immune from suit under Maryland workers' compensation laws); Cogley v. Schnaper & Koren Constr., 286 A.2d 819, 824-25 (Md. Ct. Spec. App. 1972) ("We think the legislative purpose in enacting [the statutory employer provision of the Workmen's Compensation Act] was to further the benevolent concept of Workmen's Compensation and to achieve that result by providing an incentive to the principal contractor to see that his sub-

9

contractors carry Workmen's Compensation insurance upon their employees."). Accordingly, we fail to see how VEPCO's attempts to ensure that its subcontractors carried workers' compensation insurance would either insulate it from potential workers' compensation liability or deprive it of the benefit of the exclusive remedy bar.

C.

Banks' final assertion that the district court erred in concluding that Virginia Power was his statutory employer is based exclusively upon his contention that he is not such an employee under Maryland's workers' compensation laws. Banks has not appealed, and does not argue, that Virginia Power would not be his statutory employer under Virginia workers' compensation laws.[3] Because Virginia law governs the issue, the district court did not err in dismissing Banks' tort action under Rule 12(b)(1) for lack of subject matter jurisdiction.

III.

For the foregoing reasons, the decision of the district court is affirmed.

AFFIRMED.

KING, Circuit Judge, dissenting:

I disagree with the determination that Maryland's choice-of-law principles would result in the application of Virginia law to this case, and I would therefore reverse the district court's judgment. Alternatively, the question merits certification to the Court of Appeals of Maryland. For these reasons, I respectfully dissent.

_____

[3] It appears that Banks asserted before the district court that he was not a statutory employee under Virginia law because his injury was the result of intentional conduct and, thereby, excepted from the exclusive remedy provisions of the Virginia act. Banks has not pursued this claim on appeal.

10

I.

While Mr. Banks was working for Asplundh on Virginia Power's (VEPCO's) downed power lines, VEPCO energized the lines, electrocuting him twice. Mr. Banks was severely injured and, during his several hospitalizations, endured multiple surgeries, skin grafts, and amputation. My conclusion is that, applying Maryland law, Maryland has the "greater interest" in this action; consequently, Maryland workers' compensation law applies. As a result, VEPCO is a third-party tortfeasor rather than a statutory employer, and Mr. Banks may maintain his action against VEPCO.

Under Maryland's workers' compensation law, the"threshold question" of Mr. Banks's right to maintain this personal injury action against VEPCO must be resolved by Maryland's "greater interests" test, before looking to any state's definition of a"statutory employer."**1** Hauch v. Conner, 453 A.2d 1207, 1214 (Md. 1983). This test permits courts to implement the "extremely important" public policy of the forum state, i.e., Maryland. Id. The Court of Appeals of Maryland has explained the logic of its Hauch decision as follows:

> [T]his Court was concerned with the determination of the rights of litigants under the different workers' compensation laws of two states. We resolved the issue by looking to the public policy of the forum state [Maryland] and weighing its interest against that of the state in which the wrongful act occurred.

Powell v. Erb, 709 A.2d 1294, 1299 (Md. 1998) (expanding the "greater interests" test to encompass wrongful death actions, notwithstanding a Maryland statute directing application of the substantive law of another state, if the death occurs outside of Maryland).

_____

**1** Workers' compensation law governs whether an employee may maintain a personal injury action based on injuries arising within the scope of his employment. States' rules vary with regard to the scope of the exclusive-remedy defense, thus raising workers' compensation choice-of-law issues, as in this case. See, e.g., Hauch v. Conner, 453 A.2d 1207, 1211 (Md. 1983). Because Maryland is the forum state for this diversity action, we must look to Maryland choice-of-law principles.

In Hauch, where an employee brought an action in Maryland for an employment-related injury that occurred in another state, the court applied the "greater interests" test by analyzing public policy rationales supporting the general workers' compensation exclusive-remedy rule. Id. at 1211 & n.3 (citing cases). The Hauch court noted that judicial decisionmakers rarely view competing public policies in the abstract, but instead examine those policies within the context of the specific facts confronting them; blanket application of a general rule should be avoided. See id. The court concluded that the reasons for barring employee suits against employers did not support such a bar under the circumstances in Hauch, a suit by an employee against a co-employee. Id.

The Court of Appeals in Hauch discussed-- in dicta -- the general rule in actions by an employee against his employer, that the forum state will usually enforce a bar created by the exclusive-remedy statute of any state in which the employer may be liable for workers' compensation benefits. Id. This general rule relies on a shared burden rationale, that is, where the employer has shared the burden by insuring its employees against workplace injury, it receives immunity from suit.[2] Id. However, application of the shared burden rationale supporting employer immunity does not dictate the result of this case, just as it did not dictate the result in Hauch.

Like the plaintiffs in Hauch, Mr. Banks's regular place of employment is Maryland; he was sent by his employer to Virginia in 1996 on a short-term, emergency basis after Hurricane Fran struck the Commonwealth. Asplundh is a Maryland-based employer, and VEPCO is licensed and does business in Maryland. Like the plaintiffs in Hauch, Mr. Banks claimed and received benefits under the Maryland Workers' Compensation Act. Further, VEPCO had contractually shifted the entire risk of workers' compensation claims to Asplundh, requiring it to fully insure its employees. Also, by agreement with VEPCO, Asplundh was required to secure an endorsement to its workers' compensation insurance policy providing that the policy

_____

**2** Indeed, in most states, employers who do not fulfill their insurance obligations are not immune from suit. See, e.g., Md. Code § 9-509(b) (employee may bring an action for damages where employer fails to secure workers' compensation insurance).

12

could not be cancelled, non-renewed, or materially changed by Asplundh without a thirty-day prior written notice to VEPCO. Thus, on the facts here, VEPCO could not be held responsible to Mr. Banks on a workers' compensation claim.

Because VEPCO did not in fact share the risks of Mr. Banks's injury, the shared burden rationale supporting the general rule of employer immunity does not apply.[3] Thus, under the <u>Hauch</u> "greater interests" test, Maryland's public policy governs here, and it requires application of Maryland law rather than Virginia law. Under Maryland law, VEPCO is not Mr. Banks's "statutory employer;" instead, VEPCO is merely a third-party tortfeasor. <u>See</u> Md. Code § 9-508 (defining "statutory employer"); <u>Matthews v. United States</u>, 825 F.2d 35, 37 (4th Cir. 1987). In these circumstances, I am convinced that Maryland would recognize that Mr. Banks has the right to maintain this action against VEPCO.

As I observed earlier, the majority grounds its analysis of Maryland law on dicta found in the <u>Hauch</u> decision, that:

> [I]t is generally held that the forum state will enforce a bar created by the exclusive remedy statute of any state in which the employer may be liable for workmen's compensation benefits.

_____

**3** The majority relies on inapposite Maryland authorities to suggest that, under Virginia law, VEPCO did not contractually shift the entire risk of workers' compensation liability to Asplundh. <u>See ante</u> at 8-9. In fact, Asplundh (and not VEPCO) was responsible for Mr. Banks's workers' compensation benefits. Further, in the Maryland authorities relied on by the majority, the principal contractors were "statutory employers" under Maryland law -- unlike VEPCO here -- and were therefore liable for Maryland workers' compensation benefits. <u>See</u> cases cited <u>ante</u> at 8-9.

In any event, the question is whether the Maryland courts would find that VEPCO bore sufficient risk to justify a conclusion that Virginia has "greater interests" than Maryland in this action. The majority provides no authority contrary to my view that Maryland has the "greater interests" here, and that its courts would permit Banks to pursue a judicial remedy against VEPCO.

13

Hauch, 453 A.2d at 1211 (citing Larson, Workmen's Compensation Law, § 88.10 at 16-132 (1982)). The majority decision would elevate the Hauch dicta to the high status accorded a rule of law, and it would inflexibly apply that rule to the facts here. To do so is incorrect, in my view, because the only applicable rule of law to be drawn from Hauch is the "greater interests" test. Applied here, the "greater interests" test requires that we reinstate Mr. Banks's action.

II.

In the alternative, I would certify the question to the Court of Appeals of Maryland, seeking its determination of whether the "greater interests" test applies to the circumstances here. See, e.g., Flannery v. United States, 649 F.2d 270 (4th Cir. 1981) (certifying question to the Supreme Court of Appeals of West Virginia, where the state court decisions recognized a right but offered no guidance on the resolution as applied to the facts before the court); Md. Code §§ 12-601 through 12-613 (authority and procedures for certifying questions to the Maryland courts).

III.

For the reasons stated above, I would reverse and remand, or in the alternative, certify the question to the Court of Appeals of Maryland. I respectfully dissent.

14